OPINION
{¶ 1} Appellant, Paul A. Lawrinson, appeals the judgment entered by the Lake County Court of Common Pleas. The trial court adjudicated Lawrinson a sexual predator.
 {¶ 2} In 1987, Lawrinson was convicted of one count of gross sexual imposition and one count of kidnapping. He appealed his convictions to this court, and this court reversed the convictions and remanded the matter for a new trial. State v.Lawrinson (Sept. 9, 1988), 11th Dist. No. 12-177, 1988 Ohio App. LEXIS 3641. In 1990, Lawrinson was retried and again convicted of gross sexual imposition and kidnapping. He received an indefinite sentence of seven to twenty-five years. He also appealed these convictions, and this court affirmed them. State v. Lawrinson
(Dec. 13, 1991), 11th Dist. No. 90-L-15-096, 1991 Ohio App. LEXIS 5930.
 {¶ 3} The crimes were committed against a six-year-old boy. At Lawrinson's trial, the victim testified that he was playing with Lawrinson's daughter in Lawrinson's house. Then, Lawrinson grabbed him and dragged him down the steps to the basement. In the basement, the victim stated Lawrinson grabbed his genitals.
 {¶ 4} In a July 1997 judgment entry, the trial court dismissed the sexual predator proceedings against Lawrinson, holding that the retroactive application of Ohio's sexual predator law was unconstitutional. The state appealed this decision to this court, and this court affirmed the trial court's judgment based on State v. Williams. State v. Lawrinson (Feb. 26, 1999), 11th Dist. No. 97-L-205, 1999 Ohio App. LEXIS 654, at *2, citing State v. Williams (Jan. 29, 1999), 11th Dist. No. 97-L-191, 1999 Ohio App. LEXIS 217. Subsequently, the Supreme Court of Ohio held that Ohio's sexual predator statute is constitutional. State v. Williams (2000), 88 Ohio St.3d 513. Thus, the Supreme Court of Ohio reversed this court's decision and remanded the matter to the trial court to resume sexual predator proceedings. In re Sex Offender Registration Cases
(2000), 89 Ohio St.3d 59, 60.
 {¶ 5} A sexual predator hearing was held in July 2003. Dr. John Fabian testified for the state. Lawrinson presented no witnesses. State introduced one exhibit, which was a police report from another case. Therein, there are statements from another alleged victim, who described sexual conduct between Lawrinson and himself, as well as between Lawrinson and a minor female. Lawrinson introduced several exhibits, which included copies of certifications of completion of several prison programs and copies of his prison work reviews. At the conclusion of the hearing, the trial court labeled Lawrinson a sexual predator.
 {¶ 6} Lawrinson raises the following assignment of error:
 {¶ 7} "The trial court committed reversible error when it labeled the defendant-appellant a sexual predator against the manifest weight of the evidence."
 {¶ 8} In determining whether a verdict is against the manifest weight of the evidence, the Supreme Court of Ohio has adopted the following language as a guide:
 {¶ 9} "`The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the [trier of fact] clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction.'" (Citations omitted.) State v. Thompkins (1997),78 Ohio St.3d 380, 387.
 {¶ 10} This court has applied the above standard set forth inState v. Thompkins when reviewing whether a sexual predator determination is against the manifest weight of the evidence.State v. Randall (2001), 141 Ohio App.3d 160, 165.
 {¶ 11} A trial court has to determine by clear and convincing evidence that the offender is a sexual predator. R.C.2950.09(B)(4). A sexual predator is an individual who has been convicted of a sexually oriented offense and is likely to commit a sexually oriented offense in the future. R.C. 2950.01(E)(1). In making its determination, a trial court should consider all relevant factors, which include, but are not limited to, the following:
 {¶ 12} "(1) [T]he offender's age; (2) the offender's prior criminal record; (3) the age of the victim; (4) whether the sexually oriented offense for which sentence was imposed involved multiple victims; (5) whether the offender used drugs or alcohol to impair the victim or to prevent the victim from resisting; (6) whether the offender has participated in available programs for sexual offenders; (7) any mental illness or mental disability of the offender; (8) the nature of the offender's conduct and whether that conduct was part of a demonstrated pattern of abuse; (9) whether the offender displayed cruelty during the commission of the crime; and (10) any additional behavioral characteristics that contributed to the offender's conduct." State v. Naples,
11th Dist. No. 2000-T-0122, 2001 Ohio App. LEXIS 5639, *4-5, citing R.C. 2950.09(B)(2)(a)-(j).
 {¶ 13} In applying these factors, the trial court made the following findings in its judgment entry:
 {¶ 14} "a.) The defendant was thirty-five (35) to thirty-six (36) years of age at the time of the offense;
 {¶ 15} "b.) The defendant has no prior criminal record;
 {¶ 16} "c.) The victim of the sexually oriented offense for which sentence was imposed was six (6) years of age at the time of the crime. This fact elevates the defendant's risk of re-offending;
 {¶ 17} "d.) The sexually oriented offense for which the sentence was imposed did not involve multiple victims. However, there were additional victims that made allegations of sexual conduct against the defendant unrelated to the sexual conduct involved in this case;
 {¶ 18} "e.) The defendant did not use drugs or alcohol to impair the victims or to prevent the victims from resisting;
 {¶ 19} "f.) The defendant's records support the fact that the defendant has not participated in available programs for sexual offenders. This fact elevates the risk to re-offend;
 {¶ 20} "g.) The defendant has a 28 year history of psychotic disorder and mental illness including significant schizophrenia disorders, paranoid schizophrenia. Defendant was initially found not competent to stand trial. The Court recognizes that the defendant is still mentally ill, although schizophrenia apparently is in remission. Dr. Fabian's report indicates daily stressors and defendant's inclination to self-medicate through the use of drugs and alcohol elevate defendant's risk of re-offending;
 {¶ 21} "h.) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context included fellatio. In considering the allegations of the other minor victims, the defendant's sexual actions were a part of a demonstrated pattern of abuse;
 {¶ 22} "i.) The nature of the defendant's actions during the commission of the sexually oriented offense displayed cruelty or threats of cruelty. Defendant dragged his victim down steps and injured him during the commission of the offense;
 {¶ 23} "j.) Additional behavioral characteristics that contributed to the defendant's conduct include the following:
 {¶ 24} "1.) The defendant is classified as an `extra-familial child molester' which Dr. Fabian testified re-offend at a `pretty good rate';
 {¶ 25} "2.) While in prison, defendant had several infractions showing that defendant does not comport with rules;
 {¶ 26} "3.) Defendant does not take accountability for his actions and still denies the offense;
 {¶ 27} "4.) The defendant would have difficulty participating in sex-offenders group therapy or counseling due to his denial;
 {¶ 28} "5.) Additional investigations revealed that defendant may have molested two other young children (one male and one female child) in which defendant engaged in oral sex with both victims. The defendant was actually indicted in Lake County Common Pleas Court Case No. 85-CR-000132 for this conduct, but the case was dismissed due to victims not being competent;
 {¶ 29} "6.) The victim was male which increases the risk of re-offending;
 {¶ 30} "7.) There is some evidence of sexual deviancy;
 {¶ 31} "8.) The Static 99 Test showed a medium high risk of re-offending which is the second highest category and only 5%-10% of all sex offenders fall in the highest category.
 {¶ 32} Lawrinson notes that some of the statutory factors weighed against a sexual predator adjudication. Lawrinson's age, his lack of a prior criminal record, and the fact he did not use alcohol to impair the victim all weigh in his favor. However, all of the statutory factors do not need to be met for a valid sexual predator adjudication. Rather, the adjudication may be based on as few as one or two of the factors, provided the adjudication as a whole is supported by clear and convincing evidence. State v.Randall, 141 Ohio App.3d at 166, quoting State v. Clutter
(Jan. 28, 2000), 4th Dist No. 99CA19, 2000 WL 134730, at 3. In this case, there were multiple factors the trial court relied on which, taken together, support its adjudication. Specifically, the trial court noted the young age of the victim, the fact that force was used, that it was a male victim, that Lawrinson has not undergone treatment, Lawrinson's mental health history, and the allegations that there were other victims.
 {¶ 33} Lawrinson argues that the trial court improperly considered that he was indicted for counts related to other alleged victims. State's exhibit one was admitted at the sexual predator hearing. Contained in the exhibit was an interview between an alleged victim and a police detective. The alleged victim described sexual conduct that occurred between Lawrinson and himself and Lawrinson and a minor female. At the time of the alleged incidents, both minors were under ten years old.
 {¶ 34} Initially, we recognize Lawrinson's objection to hearsay evidence of allegations of other crimes being used in support of his sexual predator adjudication. However, we note the Supreme Court of Ohio has held that the sexual predator statutes are not punitive in nature but, rather, "seek to `protect the safety and general welfare of the people of this state.'" Statev. Cook (1998), 83 Ohio St.3d 404, 417, quoting R.C. 2950.02(B) and (A)(2).
 {¶ 35} Further, Lawrinson did not object to the admission of State's exhibit one. Thus, our review is whether there was plain error. State v. Cook, 83 Ohio St.3d at 426. In State v.Anderson, the Third Appellate District held that "[i]n Cook
the Supreme Court determined that it was not plain error for a trial court to rely on an uncorroborated and nontestimonial hearsay allegation for which no charges were brought and no conviction was obtained." State v. Anderson (1999),135 Ohio App.3d 759, 765, citing State v. Cook, supra. In the case sub judice, Lawrinson was actually indicted on the charges relating to the other victims. This court has previously upheld a sexual predator adjudication where the trial court considered the fact that the defendant was indicted for other crimes relating to other victims. State v. Camire, 11th Dist. No. 2001-L-057, 2002-Ohio-6943, at ¶ 12. Thus, we do not find that the trial court's consideration of the allegations relating to other victims rose to the level of plain error.
 {¶ 36} Finally, Lawrinson claims that the trial court's sexual predator adjudication is against the manifest weight of the evidence, because Dr. Fabian's testified that he was a medium low risk to reoffend and recommended a sexually oriented offender label rather than a sexual predator label. Dr. Fabian's testimony was based on the Static 99 test. As an aside, we note that Dr. Fabian did not consider the other alleged victims when scoring the Lawrinson's Static 99 test. He testified that had he included those allegations, Lawrinson would be a medium high risk to reoffend.
 {¶ 37} A trial court is not required to rely solely on the psychiatric findings or opinions in its determination regarding the likelihood of recidivism. (Citation omitted.) State v.Robertson, 147 Ohio App.3d 94, 101, 2002-Ohio-494. Rather, the psychiatric evidence is to be viewed in totality with the other evidence before the court. Id. Dr. Fabian testified that Lawrinson was at a "medium low" risk to sexually reoffend. The Eight Appellate District has held that even a "low risk" result from standardized testing does not preclude a sexual predator adjudication. State v. Purser, 153 Ohio App.3d 144,2003-Ohio-3523, at ¶ 39. The court held "the psychological tests designed to indicate a sexual offender's propensity to reoffend, and the resulting risk level, must * * * not be blindly relied upon." Id. at ¶ 41.
 {¶ 38} In State v. Burgan, this court addressed a nearly identical argument, and held:
 {¶ 39} "[T]he trial court was presented with the unenviable task of predicting the future to determine whether appellant would commit another sexual offense. Clinical evidence showed that he presented up to a `moderate' risk of reoffending. We cannot say this clinical evidence is inherently inconsistent with a sexual predator adjudication. Rather, when viewed in conjunction with the other facts of this case, Dr. Fabian's report supports the trial court's judgment." (Emphasis sic.)State v. Burgan, 11th Dist. No. 2003-L-132, 2004-Ohio-6185, at ¶ 28.
 {¶ 40} In this matter, the trial court's judgment entry demonstrates the trial court considered all of the evidence, including the underlying facts of the appellant's crimes. Thereafter, the trial court determined that appellant presented a risk of sexual recidivism and labeled him a sexual predator. We cannot say the trial court lost its way or created a manifest miscarriage of justice in making this determination. Thus, the trial court's sexual predator adjudication was not against the manifest weight of the evidence.
 {¶ 41} Lawrinson's assignment of error is without merit.
 {¶ 42} The judgment of the Lake County Court of Common Pleas is affirmed.
Ford, P.J., O'Toole, J., concur.