OPINION
{¶ 1} Appellant, William R. Darroch, Jr., appeals the judgment of the Lake County Court of Common Pleas adjudicating him a sexual predator pursuant to R.C. Chapter 2950. For the reasons that follow, we believe the trial court's conclusion was supported by clear and convincing evidence and therefore affirm.
 {¶ 2} On June 12, 1992, appellant was found guilty of eight counts of rape, aggravated felonies of the first degree, and three counts of gross sexual imposition, third and fourth degree felonies.[1] Appellant was subsequently sentenced to an indefinite term of seven to twenty-five years in prison with an additional consecutive, definite term of two years.
 {¶ 3} On November 23, 2004, the trial court conducted a sexual predator hearing. On the same date, the trial court adjudicated appellant a sexual predator. Appellant now appeals.
 {¶ 4} Appellant asserts the following assignment of error:
 {¶ 5} "The trial court committed reversible error when it labeled Defendant — Appellant a sexual predator against the manifest weight of the evidence."
 {¶ 6} In evaluating whether a verdict is against the manifest weight of the evidence, the Supreme Court of Ohio has adopted the following standard:
 {¶ 7} "The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the [trier of fact] clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v. Thompkins,
(1997), 78 Ohio St.3d 380, 387, 1997-Ohio-52.
 {¶ 8} This court has applied the foregoing standard when reviewing whether a sexual predator adjudication is against the weight of the evidence. State v. Randall (2001),141 Ohio App.3d 160, 165.
 {¶ 9} R.C. 2950.01(E) defines a "sexual predator" as a person who has been convicted of a sexually oriented offense and is likely to recidivate. In applying this definition, a trial court may classify an individual a sexual predator only where it concludes that the state has established both prongs of the definition by clear and convincing evidence. State v. Wade
(Dec. 29, 2000), 11th Dist. No. 99-T-0061, 2000 Ohio App. LEXIS 6218, at 5. Under this evidential standard, the state carries its burden of proof where the evidence creates, in the mind of the trier of fact, a firm belief as to the facts sought to be established. State v. Anderson, 11th Dist. No. 2000-G-2316, 2001-Ohio-7069, 2001 Ohio App. LEXIS 5644, at 8.
 {¶ 10} To assist the trial court in drawing its conclusions on the recidivism prong, R.C. 2950.09(B)(3) provides a list of non-exhaustive factors for consideration: (a) the offender's age; (b) prior criminal record; (c) the age of the victim of the sexually oriented offense; (d) whether the sexually oriented offense involved multiple victims; (e) whether the offender used drugs or alcohol to impair the victim or prevent the victim from resisting; (f) if the offender previously had been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense, and if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sex offenders; (g) any mental illness or mental disability of the offender; (h) the nature of the offender's sexual conduct, contact, or interaction in a sexual context with the victim and whether the conduct, contact, or interaction was part of a demonstrated pattern of abuse; (i) whether the offender during the commission of the offense, displayed cruelty, or threatened cruelty; and (j) any additional behavioral characteristics that contribute to the offender's conduct. See R.C. 2950.09(B)(3)(a) through (j).
 {¶ 11} A trial court is not required to find a specific number of factors under R.C. 2950.09(B)(3) before it can adjudicate an offender a sexual predator so long as its determination is grounded upon clear and convincing evidence.State v. Fairbanks, 11th Dist. No. 2001-L-062, 2003-Ohio-700, at ¶ 14. Furthermore, the court need not elaborate on its reasons for finding certain factors as long as the record includes the particular evidence upon which the trial court relied in making its adjudication. State v. Eppinger (2001), 91 Ohio St.3d 158,166.
 {¶ 12} Under his sole assignment of error, appellant argues the trial court erred to his prejudice when it labeled him a sexual predator because the evidence did not prove, by clear and convincing evidence, that he was likely to commit a sexual offense in the future.
 {¶ 13} In adjudicating appellant a sexual predator, the trial court found appellant had been convicted of a sexually oriented offense and he was likely to engage in that type of behavior in the future. The court made the foregoing findings at the hearing and in its December 15, 2004 judgment entry. In finding appellant was likely to recidivate, the court considered each factor set forth under R.C. 2950.09(B)(3) and placed particular emphasis upon R.C. 2950.09(B)(3)(c), (f), (g), (h), (i), (j), (k), and (l).[2] With respect to these factors, the court's judgment entry reads:
 {¶ 14} "c.) The victim of the sexually oriented offense for which sentence was imposed was eleven (11) through thirteen (13) of age at the time of the crimes.
 {¶ 15} "* * *
 {¶ 16} "f.) The defendant has refused to participate in available programs for sexual offenders;
 {¶ 17} "g.) The defendant does have mental illness or mental disability, including personality disorder and pedophilia;
 {¶ 18} "h.) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context included forcing victim to perform oral sex, rubbing and fondling of chest, and forcing the victim to rub the defendant's penis. The defendant's sexual actions were part of a demonstrated pattern of abuse, including weekly touching of her chest and forcing her to perform oral sex two times per month that continued for two and one-half years with repeated conduct;
 {¶ 19} "i.) The nature of the defendant's actions during the commission of the sexually oriented offence [sic] displayed cruelty or threats of cruelty in that intentional pressure and threats of harm were used in addition to physical force while the victim struggled and resisted;
 {¶ 20} "j.) Additional behavioral characteristics that contributed to the defendant's conduct include that defendant relies on repression, denial, and avoidance; the defendant has little insight into factors in his own personality; defendant refuses to accept responsibility and defendant continues protestations [of innocence]. Defendant has traits of narcissistic personality and is unable to follow statutory laws as well as moral laws;
 {¶ 21} "k.) The report by Dr. Sandra MacPherson [sic] recommends predator status in that defendant has a significant potential for recidivism when released.
 {¶ 22} "l.) The defendant demonstrates a lack of respect for laws and authority. Prison records indicate multiple infractions for excessive contact with visitor, disobeying direct order, dealing for payment, being out of place, altering identification, disrespect, lying, and excessive property."
 {¶ 23} The factual bases of the court's findings are supported by the evidence submitted at the sexual predator hearing which included: the testimony of Dr. John Fabian, the evaluating psychologist; the testimony of Gary Reed, appellant's former neighbor; a copy of the victim's testimony from the original criminal trial; the victim impact statement from appellant's sentencing hearing; two separate H.B. 180 sexual offender classification reports; a "family profile" packet compiled by appellant; the Willoughby Police Department reports; and records from the Ohio Department of Rehabilitation and Correction.
 {¶ 24} Appellant contends that, notwithstanding the court's findings, some of the statutory factors weighed against a sexual predator determination. The following is a brief summary of the evidence appellant submits in support of his argument: (1) Appellant was over 25 years old at the time of the offense which, according to Dr. Fabian, lowers the risk of future offense. (2) Appellant had no prior criminal record and the convictions for which he was incarcerated arose from allegations of only one victim, whom he did not impair with drugs or alcohol. (3) Although he was diagnosed with a personality disorder and labeled a pedophile, appellant points out he was not diagnosed as antisocial or psychopathic and therefore, according to Dr. Fabian, his risk of re-offending is appreciably lower. (4) Appellant scored a zero, the lowest possible score, on the Static 99 Test, an actuarial risk assessment instrument used to assess sexual recidivism.; and (5) Dr. Fabian concluded that his risk of re-offending is low and thus he should be labeled a sexually oriented offender. In appellant's view, the foregoing evidence serves to demonstrate the trial court "clearly lost its way" in labeling him a sexual predator.
 {¶ 25} In his brief, appellant relies most upon the tests and conclusions of Dr. Fabian who recommended he be labeled a sexually oriented offender, as opposed to a sexual predator. However, as we recently noted in State v. Lawrinson, 11th Dist. No. 2005-L-003, 2006-Ohio-1451:
 {¶ 26} "A trial court is not required to rely solely on psychiatric findings or opinions in its determination regarding the likelihood of recidivism. * * * State v. Robertson,147 Ohio App.3d 94, 101, 2002-Ohio-494. Rather, the psychiatric evidence is to be viewed in totality with the other evidence before the court. Id. * * * The Eight[h] Appellate District has held that even a `low risk' result from standardized testing does not preclude a sexual predator adjudication. State v. Purser,153 Ohio App.3d 144, 2003-Ohio-3523, at ¶ 39. The court held `the psychological tests designed to indicate a sexual offender's propensity to reoffend, and the resulting risk level, must * * * not be blindly relied upon.' Id. at ¶ 41." Lawrinson, at ¶ 37.
 {¶ 27} Furthermore, Dr. Fabian's evaluation was not the only report considered by the court; an additional psychological evaluation was submitted into evidence authored by Dr. Sandra McPherson in 1997. Dr. McPherson's evaluation recommended appellant be labeled a sexual predator. Dr. Fabian disagreed with Dr. McPherson's conclusion to the extent she relied upon appellant's denial of guilt as an indicator of future recidivism. Dr. Fabian testified that current research indicates an offender's refusal to accept responsibility is not significantly related to sexual recidivism. It bears noting that both doctors' reports are otherwise significantly similar with respect to their factual and analytical content. Irrespective of the differences in the doctors' professional conclusions, the court considered both reports, along with Dr. Fabian's supplemental testimony, and drew its conclusions in light of this evidence. We do not believe the court clearly lost its way or created a manifest miscarriage of justice in doing so.
 {¶ 28} While we appreciate some evidence weighs in appellant's favor, this does not imply the court erred in adjudicating appellant a sexual predator. We emphasize that the court identified many of the points upon which appellant relies and still concluded appellant possessed a likely risk to recidivate. In our view, the multiple factors relied upon by the trial court when taken together, are sufficient to support its conclusion by clear and convincing evidence. Therefore, we hold the trial court's sexual predator adjudication was not against the manifest weight of the evidence.
 {¶ 29} Appellant's assignment of error is hereby overruled.
 {¶ 30} The judgment of the Lake County Court of Common Pleas is affirmed.
Donald R. Ford, P.J., William M. O'Neill, J., concur.
[1] Case No. 91-CR-000296; affirmed on appeal in State v.Darroch (Dec. 10, 1993), 11th Dist. No. 92-L-104, 1993 Ohio App. LEXIS 5933.
[2] There are ten specific factors R.C. 2950.09(B)(3) lists: factors (a) through (j). The final factor, (j), allows the court to explore additional relevant characteristics which contribute to its conclusion. As far as we can discern, the court found two additional characteristics and labeled them letters (k) and (l).