OPINION
{¶ 1} Defendant-appellant, Kenneth Oliver, appeals the decision of the Trumbull County Court of Common Pleas classifying him as a "sexual predator" pursuant to R.C. 2950.09. For the following reasons, we affirm the decision of the court below.
 {¶ 2} On May 29, 1990, Oliver entered a plea of guilty to one count of Rape, an aggravated first degree felony in violation of R.C.2907.02(A)(1)(b). The victim of the offense was the daughter of Oliver's ex-wife. Oliver, his ex-wife, and the daughter described several instances of Oliver molesting the daughter. Oliver admitted to kissing the daughter and having the daughter perform oral sex on him. The ex-wife reported two instances of Oliver having the daughter perform oral sex on him. The daughter indicated that she performed oral sex on Oliver and that Oliver "put his pee pee between her legs." At the time of the offense, Oliver was drinking heavily and abusing cocaine. The victim was between the ages of two and four at the time of the incidents.
 {¶ 3} The trial court sentenced Oliver to an indeterminate sentence of nine to twenty-five years.
 {¶ 4} The validity of Oliver's plea was upheld by this court inState v. Oliver (Dec. 26, 1997), 11th Dist. No. 97-T-0014, 1997 OhioApp. LEXIS 5851.
 {¶ 5} In 2001, the Trumbull County Prosecutor's Office initiated proceedings to classify Oliver as a sexual predator.
 {¶ 6} Oliver remained incarcerated until June 13, 2005.
 {¶ 7} On May 26 and June 9, 2006, a sexual predator hearing was held. At the hearing, Mark A. Massucci, a former Warren Police Detective, gave testimony regarding underlying criminal offense. Jeffrey Rindsberg, a licensed psychologist for the Forensic Center of Northeast Ohio, testified as an expert witness for the State regarding the likelihood of Oliver re-offending. Jeffery Bogniard, a licensed professional clinical counselor, testified as an expert witness on Oliver's behalf. At the conclusion of the hearing, the trial court entered judgment classifying Oliver as a sexual predator.
 {¶ 8} Oliver timely appeals and raises the following assignment of error: "The trial court's adjudication of appellant as a sexual predator is against the manifest weight of the evidence."
 {¶ 9} Any "person who is convicted of or pleads guilty to * * * a sexually oriented offense may be classified as a sexual predator." R.C.2950.09(A). Rape is a sexually oriented offense. R.C. 2950.01(D)(1)(a). A "sexual predator" is defined as a "person [who] has been convicted of or pled guilty to committing a sexually oriented offense that is not a registration-exempt sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." R.C. 2950.01
(E) (1 ).
 {¶ 10} Rape is not a "registration-exempt sexually oriented offense." R.C. 2950.01 (Q)(1) and (P)(1).
 {¶ 11} "In making a determination * * * as to whether an offender * * * is a sexual predator, the judge shall consider all relevant factors, including, but not limited to, all of the following: (a) The offender's age * * *; (b) The offender's * * * prior criminal * * * record * * *; (c) The age of the victim * * *; (d) Whether the sexually oriented offense * * * involved multiple victims; (e) Whether the offender * * * used drugs or alcohol to impair the victim * * * or to prevent the victim from resisting; (f) If the offender * * * has been convicted of or pleaded guilty to * * * a criminal offense, whether the offender * * * completed any sentence or dispositional order imposed for the prior offense or act * * *; (g) Any mental illness or mental disability of the offender * * *; (h) The nature of the offender's * * * sexual conduct * * * and whether the sexual conduct * * * was part of a demonstrated pattern of abuse; (i) Whether the offender * * * during the commission of the sexually oriented offense * * * displayed cruelty or made one or more threats of cruelty; (j) Any additional behavioral characteristics that contribute to the offender's * * * conduct." R.C.2950.09(B)(3).
 {¶ 12} "A trial court may find an offender to be a sexual predator `even if only one or two statutory factors are present, so long as the totality of the relevant circumstances provides clear and convincing evidence that the offender is likely to commit a future sexually-oriented offense.'" State v. Randall (2001),141 Ohio App.3d 160, 166 (emphasis added), citing State v. Clutter (Jan. 28, 2000), 4th Dist. No. 99CA19, 2000 OhioApp. LEXIS 371, at V.
 {¶ 13} The trial court "shall determine by clear and convincing evidence whether the subject offender * * * is a sexual predator." R.C.2950.09(B)(4). "Clear and convincing evidence is that measure or degree of proof which is more than a mere `preponderance of the evidence,' but not to the extent of such certainty as is required `beyond a reasonable doubt' in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." Cross v. Ledford (1954), 161 Ohio St. 469, paragraph three of the syllabus.
 {¶ 14} When reviewing a sexual predator classification, the court of appeals applies the manifest weight of the evidence standard. State v.Arnold, 11th Dist. No. 2002-L-026, 2003-Ohio-1976, at ¶ 26, citingState v. Cook, 83 Ohio St.3d 404, 426, 1998-Ohio-291. Weight of the evidence involves "the inclination of the greater amount of credible evidence." State v. Thompkins, 78 Ohio St.3d 380, 387, 1997-Ohio-52
(emphasis sic) (citation omitted). Although the weight to be given to the evidence and the credibility of the witnesses is primarily for the trier of fact to determine, State v. Thomas (1982), 70 Ohio St.2d 79, at syllabus, when reviewing a manifest weight challenge, the appellate court sits as the "thirteenth juror." Thompkins, 78 Ohio St.3d at 387. The reviewing court must consider all the evidence in the record, the reasonable inferences, the credibility of the witnesses, and whether, "in resolving conflicts in the evidence, the [trier of fact] clearly lost its way and created such a manifest miscarriage of justice that the [judgment] must be reversed * * *." Id., quoting State v. Martin (1983),20 Ohio App.3d 172, 175. The reviewing court may only exercise its discretionary power to reverse a judgment as being against the manifest weight of the evidence in exceptional cases. Id.
 {¶ 15} In the present case, the trial court made the following findings in support of its determination that Oliver is a sexual predator: "[T]he Victim [was] Two (2) years of age at the time of the count charged in the indictment. * * * The Defendant's offense was part of a pattern of abuse. The Defendant admits to sexually assaulting the Minor female victim on more than one occasion. The nature of the sexual assaults was extremely deviant. * * * The Defendant has a history of deviant sexual conduct. Specifically, the Defendant reports having sexual contacts as a youth, with his brothers and sisters alike. The Defendant also admits to previously engaging in sexual bondage. The Defendant has a prior history of engaging in sexual conduct with minors. The Defendant admits to impregnating a fourteen (14) year old girl, when he was eighteen (18). Mr. Oliver admitted in a questionnaire administered by * * * Dr. Jeff Rindsberg, to having sexual fantasies about girls less than thirteen (13) years of age. The Defendant used threats in furtherance of his offenses * * *. Specifically, the Defendant threatened the victim's mother, who was a witness to the charged offense, threatening to take her unborn child if she reported the offense to the authorities. The Defendant admits to having a history of violence. Specifically in assaulting a previous girlfriend and engaging in scuffles in prison. The Defendant has a history of being addicted to multiple controlled substances."
 {¶ 16} The trial court further found that "both Psychologists * * * agree that Mr. Oliver is a Pedophile. The DMSV IV[1] states that Pedophilia is usually a chronic condition. The Sexual Predator evaluation performed by Dr. Jeffery Bogniard[2], determines that the likelihood that the Defendant will re-offend within the next fifteen years is 16%. * * * Dr. Jeff Rindsberg * * * diagnoses Mr. Oliver with having antisocial traits. The Expert for the Defense also diagnoses Mr. Oliver with Antisocial traits, but testified that that diagnosis was based upon Mr. Oliver's history. Both Psychologists agree that sexual deviancy and antisocial orientation are two of the strongest predictors of sexual recidivism."
 {¶ 17} Dr. Rindsberg and Bogniard disagreed, however, in their final opinions. Dr. Rindsberg felt that Oliver presented "several serious risk factors of recidivism while Bogniard believed Oliver presented a "low" risk of recidivism dependent upon his continued sobriety.
 {¶ 18} On appeal, Oliver argues the trial court's determination that he is "likely to engage in one or more sexually oriented offenses in the future" is against the manifest weight of the evidence. Oliver notes that both Dr. Rindsberg and Bogniard administered the Static-99 actuarial risk assessment test, used to determine the likelihood of recidivism. Oliver obtained a Static-99 score of one, indicating that Oliver is at a low risk for recidivism. Bogniard also performed the Minnesota Sex Offender Screening Tool-Revised (MnSOST-R) and the Vermont Assessment of Sex Offender Risk (VASOR) tests, both of which indicated a low risk of re-offending. Oliver maintains that these tests do not indicate a likelihood of re-offending.
 {¶ 19} It is well-established that "[a] trial court is not required to rely solely on psychiatric findings or opinions in its determination regarding the likelihood of recidivism" and that "psychiatric evidence is to be viewed in totality with other evidence before the court."State v. Lawrinson, 11th Dist. No. 2005-L-003, 2006-Ohio-1451, at ¶ 37
(citations omitted); accord State v. Darroch, 11th Dist. No. 2005-L-012,2006-Ohio-3211, at ¶ 26 (citation omitted).
 {¶ 20} Moreover, despite Oliver's low Static-99 score, Dr. Rindsberg opined that Oliver "presents several serious risk factors for recidivism." Rindsberg identified the two most serious risk factors as being "a deviant sexual interest" and "antisocial personality traits." Rindsberg, as well as Bogniard, believed Oliver showed both characteristics, as demonstrated by his pedophilia and polysubstance dependence, respectively. Bogniard minimizes Oliver's potential risk for re-offending, because Oliver has not demonstrated these characteristics since his release from prison, a period of about a year at the time of the hearing. Rindsberg, in contrast, does not believe that enough time has elapsed to conclude that these characteristics are no longer evident in Oliver's personality.
 {¶ 21} In light of the other evidence, the Static-99 and other risk assessment tools are not dispositive. "It is within the discretion of the trial court to assess the significance of the psychological evaluation's findings, including its weight and credibility, and then consider the totality of the circumstances presented in the case."State v. Schaub, 11th Dist. No. 2003-L-091, 2005-Ohio-703, at ¶ 35, reversed on other grounds In re Ohio Criminal Sentencing StatutesCases, 109 Ohio St.3d 313, 2006-Ohio-2109, at ¶ 30. Stated otherwise, "whether an offender is `likely to re-offend sexually' is not bound by or couched in terms of recidivism test results, but is instead defined by the application and examination of statutory factors and consideration of relevant circumstances and evidence on a case-by-case basis." State v. Robertson, 147 Ohio App.3d 94, 102, 2002-Ohio-494.
 {¶ 22} Thus, the trial court properly considered the other circumstances of this case, such as Oliver's pattern of abuse, the extreme deviance of his conduct, and his use of threats in furtherance of the offense, in reaching its conclusion that Oliver is likely to re-offend. This conclusion is not against the manifest weight of the evidence.
 {¶ 23} Oliver's sole assignment of error is without merit. The judgment of the Trumbull County Court of Common Pleas, classifying Oliver as a sexual predator, is affirmed.
CYNTHIA WESTCOTT RICE, J., COLLEEN MARY OTOOLE, J., concur.
[1] DMSV IV refers to the Diagnostic and Statistical Manual of Mental Disorders, 4th edition.
[2] It does not appear in the record that Bogniard is, in fact, a licensed psychologist. Rather, Bogniard is identified as a licensed professional clinical counselor with a Masters Degree in Education.