OPINION
{¶ 1} Defendant-appellant, Andre D. Johnson, appeals from the judgment entry of the Lake County Court of Common Pleas, in which he was sentenced for Unlawful Sexual Conduct with a Minor, pursuant to R.C. 2929.19, and classified as a "sexual predator," pursuant to R.C. 2950.09. For the following reasons, we affirm the decision of the court below. *Page 2 
 {¶ 2} On November 6, 2007, Johnson entered a plea of guilty to one count of Unlawful Sexual Conduct with a Minor, a second-degree felony pursuant to R.C. 2907.04(A). The victim was a fourteen year old female. Johnson previously dated the victim's older sister. Johnson and the victim were in contact via the "MySpace" website prior to the offense. On July 15, 2007, Johnson called the victim and went over to her house at 2:00 a.m. He climbed through a window and had oral and vaginal sex with the victim.
 {¶ 3} Johnson has a prior conviction for Unlawful Sexual Conduct with a Minor. In 2002, Johnson pled guilty to Unlawful Sexual Conduct with a Minor, a fourth-degree felony, in which he had sex with a different fourteen year old girl.
 {¶ 4} Prior to the imposition of the sentence, the trial court held a sexual predator hearing pursuant to R.C. 2950.09. After reviewing the pre-sentence report, the victim impact statement, and the Psychological Evaluation of licensed psychologist, Dr. Jeffery Rindsberg, the trial court found Johnson to be a sexual predator. This matter then proceeded to the sentencing hearing where, after reviewing the record, oral statements, the victim impact statement, the pre-sentence report, drug and alcohol evaluation, and the principles and purposes of sentencing under R.C. 2929.11, the court sentenced Johnson to an eight year prison term.
 {¶ 5} Johnson timely appeals and raises the following assignments of error:
 {¶ 6} "[1.] The trial court committed reversible error when it labeled the defendant-appellant a sexual predator against the manifest weight of the evidence.
 {¶ 7} "[2.] The trial court erred by sentencing the defendant-appellant to the maximum term of imprisonment." *Page 3 
 {¶ 8} The State argues that Johnson's first assignment of error is moot because Johnson "was reclassified, by operation of law[1], into the new tier structure of the Adam Walsh Act."
 {¶ 9} Under former R.C. Chapter 2950, to obtain a sexual predator adjudication, the state had to prove by clear and convincing evidence that the offender had pled guilty to, or had been found guilty of, a sexually oriented offense that was not a registration exempt sexually oriented offense and was "likely to engage in the future in one or more sexually oriented offenses". Former R.C. 2950.01(E)(1).
 {¶ 10} On July 27, 2006, President Bush signed into law a bill known as the Adam Walsh Act. The Ohio General Assembly chose to implement the Adam Walsh Act, and passed Senate Bill 10 in an effort to comply with the federal legislation. On January 1, 2008, Senate Bill 10 of the 127th General Assembly became effective, authorizing the Ohio Attorney General to determine the classification of each offender subject to registration under a three-tiered system. Senate Bill 10 replaced R.C. Chapter 2950, now requiring classification based solely on the offense for which an offender is convicted. A defendant's likelihood to reoffend is no longer considered. See R.C. 2950.01(E), (F), and (G).
 {¶ 11} The State contends that Johnson was reclassified under the new tier structure as a Tier III sex offender.
 {¶ 12} Johnson's first offense of Unlawful Sexual Conduct with a Minor in 2002, pursuant to R.C. 2907.04, in which the victim was fourteen and Johnson was twenty-five, constitutes a Tier II sex offender classification under the current *Page 4 
R.C. 2950.01(F)(1)(b). This section reads, "[a] violation of section 2907.04
of the Revised Code when the offender is at least four years older than the other person with whom the offender engaged in sexual conduct" means a Tier II classification.
 {¶ 13} Johnson's present offense of Unlawful Sexual Conduct with a Minor under the current statute constitutes a Tier III violation because, under R.C. 2950.01(G)(1)(i), "[a]ny sexually oriented offense that is committed after the sex offender previously has been convicted of, pleaded guilty to, or been adjudicated a delinquent child for committing any sexually oriented offense * * * for which the offender was classified a tier II sex offender" means a Tier III sex offender classification. Unlawful Sexual Conduct with a Minor is a sexually oriented offense. R.C. 2950.01 (A)(3).
 {¶ 14} Under R.C. 2950.032 and R.C. 2950.031, the Attorney General was to determine the new tier classification for each offender at any time after July 1, 2007, and not later than December 1, 2007. A registered letter detailing the offender's new classification and a right to a court hearing to contest the application of the new statute was to be sent to the offender. If the offender failed to request a hearing within sixty days of receipt of the registered letter, the failure constituted a waiver by the offender to a hearing and the offender "[was] bound by the determinations of the attorney general contained in the registered letter sent to the offender * * *." R.C. 2950.031(E) and R.C. 2950.032(E)
 {¶ 15} According to the plain meaning of the statute, Johnson is now classified as a Tier III sex offender. However, there is no evidence in the record demonstrating that the Attorney General has formally reclassified Johnson. Nor was there evidence that *Page 5 
Johnson requested or waived his right to a hearing to contest the application of the new statute.
 {¶ 16} Even if Johnson was not re-classified under R.C. 2950.032 and R.C. 2950.031, the trial court's decision labeling him a sexual predator would stand for the following reasons:
 {¶ 17} Former R.C. 2950.01(E)(1)[2] defines a sexual predator as "[a] person [who] has been convicted of or pleaded guilty to committing a sexually oriented offense * * * and is likely to engage in the future in one or more sexually oriented offenses." Any "person who is convicted of or pleads guilty to * * * a sexually oriented offense may be classified as a sexual predator." Former R.C. 2950.09(A). Unlawful Sexual Conduct with a Minor is a sexually oriented offense. R.C. 2950.01 (A)(3).
 {¶ 18} In making a determination as to whether an offender is a sexual predator, the trial court must look to and consider all relevant factors pursuant to former R.C. 2950.09(B)(3), including:
 {¶ 19} "(a) The offender's * * * age;
 {¶ 20} "(b) The offender's * * * prior criminal or delinquency record regarding all offenses, including, but not limited to, all sexual offenses;
 {¶ 21} "(c) The age of the victim of the sexually oriented offense for which sentence is to be imposed or the order of disposition is to be made;
 {¶ 22} "(d) Whether the sexually oriented offense for which sentence is to be imposed or the order of disposition is to be made involved multiple victims; *Page 6 
 {¶ 23} "(e) Whether the offender * * * used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 {¶ 24} "(f) If the offender * * * previously has been convicted of or pleaded guilty to * * * a criminal offense, whether the offender * * * completed any sentence or dispositional order imposed for the prior offense or act and, if the prior offense or act was a sex offense or a sexually oriented offense, whether the offender * * * participated in available programs for sexual offenders;
 {¶ 25} "(g) Any mental illness or mental disability of the offender * * *;
 {¶ 26} "(h) The nature of the offender's * * * sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 {¶ 27} "(i) Whether the offender * * *, during the commission of the sexually oriented offense for which sentence is to be imposed or the order of disposition is to be made, displayed cruelty or made one or more threats of cruelty;
 {¶ 28} "(j) Any additional behavioral characteristics that contribute to the offender's * * * conduct."
 {¶ 29} Proof by clear and convincing evidence that the offender has been convicted of a sexually oriented offense and that the offender is likely to engage in one or more future sexually oriented offenses is required for an offender to be designated a sexual predator. State v.Clingerman, 11th Dist. No. 2006-T-0031, 2007-Ohio-7113, at ¶ 7-9; former R.C. 2950.01(E)(1). "Clear and convincing evidence is that measure or *Page 7 
degree of proof which is more than a mere `preponderance of the evidence,' but not to the extent of such certainty as is required `beyond a reasonable doubt' in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." Cross v. Ledford (1954),161 Ohio St. 469, paragraph three of the syllabus.
 {¶ 30} When reviewing a sexual predator classification, the court of appeals applies the civil manifest weight of the evidence standard.State v. Wilson, 113 Ohio St.3d 382, 2007-Ohio-2202, at syllabus. The civil manifest weight of the evidence standard dictates that "judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as being against the weight of the evidence". C.E. Morris Co. v. FoleyConstr. Co. (1978), 54 Ohio St.2d 279, at syllabus.
 {¶ 31} We have also recognized that when reviewing a judgment under a manifest weight of the evidence standard, a court has an obligation to presume that the findings of the trier of fact are correct. Seasons CoalCo., Inc. v. Cleveland (1984), 10 Ohio St.3d 77, 79-80. This presumption arises because the trial judge had an opportunity "to view the witnesses and observe their demeanor, gestures and voice inflections, and use these observations in weighing the credibility of the proffered testimony." Id. at 80. "A reviewing court should not reverse a decision simply because it holds a different opinion concerning the credibility of the witnesses and evidence submitted before the trial court. A finding of an error in law is a legitimate ground for reversal, but a difference of opinion on credibility of witnesses and evidence is not." Id. at 81. *Page 8 
 {¶ 32} In the present case, in making its sexual predator determination, the trial court considered the pre-sentence report, the victim impact statement, and the psychological evaluation. The trial court also relied upon the following factors under R.C. 2950.09(B)(3) to support its finding that Johnson is a sexual predator in its November 19, 2007 judgment entry: The court noted Johnson was thirty years of age at the time of the offense (R.C. 2950.09(B)(3)(a)). Johnson had a prior criminal record including convictions for a different count of Unlawful Sexual Conduct with a Minor, Attempted Intimidation of a Witness, Attempted Felonious Assault, Trafficking in a Counterfeit Controlled Substance, Attempted Receiving Stolen Property, Carrying a Concealed Weapon, Contempt, and No Operator's License (R.C. 2950.09(B)(3)(b)). The victim of the most recent offense was fourteen years of age at the time of the crime (R.C. 2950.09(B)(3)(c)). Johnson has not participated in available programs for sexual offenders (R.C. 2950.09(B)(3)(f)). The trial court also considered that the nature of the sexual conduct included vaginal intercourse and fellatio.
 {¶ 33} On appeal, Johnson argues that the trial court's finding that he is a sexual predator is against the manifest weight of the evidence. Johnson notes that the results of the tests conducted by a clinical psychologist, Dr. Rindsberg, do not indicate a likelihood of re-offending. Johnson was given two tests to assess risk, the Static 99, an actuarial risk assessment tool, and The Rapid Risk Assessment for Sexual Offense Recidivism (RRASOR), a screening instrument used to predict sex offender recidivism for men who have been convicted of at least one sexual offense. Although Johnson scored a six on the Static 99, which falls in the "high" label for risk category and Dr. Rindsberg's evaluation concluded Johnson "poses a substantial and high risk for future *Page 9 
sex offense recidivism", Johnson argues that his RRASOR score of 2, indicating a 14.2% chance of recidivism after 5 years and 21.1% chance after 10 years, should essentially cancel out the high Static 99 score.
 {¶ 34} "It is well-established that `[a] trial court is not required to rely solely on psychiatric findings or opinions in its determination regarding the likelihood of recidivism' and that `psychiatric evidence is to be viewed in totality with the other evidence before the court.'"State v. Oliver, 11th Dist. No 2006-T-0075, 2007-Ohio-339, at ¶ 19
(citation omitted); accord State v. Darroch, 11th Dist. No. 2005-L-012,2006-Ohio-3211, at ¶ 26 (citation omitted); State v. Lawrinson, 11th Dist. No. 2005-L-003, 2006-Ohio-1451, at ¶ 37 (citations omitted).
 {¶ 35} Johnson also notes that some of the statutory factors weighed during his sexual predator adjudication (like the fact he did not use alcohol to impair the victim, the act did not involve multiple victims, he engaged in consensual sex, and did not display cruelty or make any threats to the victim) all weigh in his favor. However, "all of the statutory factors do not need to be met for a valid sexual predator adjudication". Lawrinson, 2006-Ohio-1451, at ¶ 32. Rather, the adjudication may be based on as few as one or two of the factors, provided the adjudication as a whole is supported by clear and convincing evidence. Id. See also State v. Randall (2001),141 Ohio App.3d 160, 166, quoting State v. Clutter (Jan. 28, 2000), 4th Dist No. 99CA19, 2000 Ohio App. LEXIS 371, at *7.
 {¶ 36} The trial court properly considered multiple factors which, when taken together, support its adjudication. Specifically, the trial court noted that Johnson has a prior conviction for Unlawful Sexual Conduct with a Minor, Johnson has not participated *Page 10 
in available programs for sexual offenders, and he is schizophrenic, drug dependent and has an anti-social disorder. The judgment is supported by some competent, credible evidence going to all the essential elements of the case. The trial court's classification of Johnson as a sexual predator under former R.C. 2950.09 is not against the manifest weight of the evidence.
 {¶ 37} Johnson's first assignment of error is without merit.
 {¶ 38} In Johnson's second assignment of error, he maintains the eight year prison sentence he received, the maximum sentence for a second degree felony, is not supported by the record.
 {¶ 39} "A court that sentences an offender for a felony shall be guided by the overriding purposes of felony sentencing. The overriding purposes of felony sentencing are to protect the public from future crime by the offender and others and to punish the offender." R.C. 2929.11(A). "A sentence imposed for a felony shall be reasonably calculated to achieve the two overriding purposes of felony sentencing set forth in division (A) of this section, commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders." R.C. 2929.11(B).
 {¶ 40} A court imposing a sentence for a felony "has discretion to determine the most effective way to comply with the purposes and principles of sentencing set forth in section 2929.11 of the Revised Code." R.C. 2929.12(A). "In the exercise of this discretion, a court `shall consider' the non-exclusive list of seriousness and recidivism factors set forth in R.C. 2929.12(B), (C), (D), and (E)." State v.Sanders, 11th Dist. No. 2006-L-222, 2007-Ohio-3207, at ¶ 15. There is no "mandate" for the sentencing court to *Page 11 
engage in any factual finding under these statutes. Rather, "[t]he court is merely to `consider' the statutory factors." State v. Foster,109 Ohio St.3d 1, 2006-Ohio-856, at ¶ 42. Consequently, the trial court is not required to make specific findings on the record to "evince the requisite consideration of the applicable seriousness and recidivism factors." State v. Arnett, 88 Ohio St.3d 208, 215, 2000-Ohio-302. Nor is a trial court required to make specific findings on the record in order to demonstrate that it engaged in the analysis under R.C. 2929.11 to ensure that the sentence is not demeaning to the seriousness of the offender's conduct. State v. Green, 11th Dist. Nos. 2005-A-0069 and 2005-A-0070, 2006-Ohio-6695, at ¶ 35 (citations omitted).
 {¶ 41} In Foster, the Supreme Court held that "trial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences".Foster, 2006-Ohio-258, at paragraph seven of the syllabus. In light ofFoster, this court has held that the trial court has full discretion to sentence within the statutory ranges. State v. Weaver, 11th Dist. No. 2006-L-113, 2007-Ohio-1644, at ¶ 33; cf. State v. Martin, 11th Dist. No. 2006-L-191, 2007-Ohio-2579, at ¶ 19 ("[s]ince [appellant's] sentences fall within the statutory range, we cannot conclude the trial court abused its discretion by imposing a sentence inconsistent with similarly situated offenders"); Sanders, 2007-Ohio-3207, at ¶ 18.
 {¶ 42} In his second assignment of error, Johnson argues the trial court erred by sentencing him to eight years, the maximum term of imprisonment. He argues that the trial court failed to give appropriate consideration under R.C. 2929.12(C) to the following mitigating factors: that the sexual conduct was of a consensual nature; Johnson did not *Page 12 
expect to cause harm to the victim; he did not display cruelty; he did not use alcohol or drugs to impair the victim; and the act did not involve multiple victims. He also argues that the court failed to give appropriate consideration to his mental illness, lack of psychotropic medication, chemical and alcohol dependency, and certain life events, which he felt were mitigating factors.
 {¶ 43} Although not required to do so, the court identified the aggravating factors making Johnson's crime particularly heinous. The court made the following observations: Johnson was sent to prison in 2002 for the identical conduct and the present offense was committed while he was on post release control; Johnson was not genuinely remorseful, and Johnson "exhibited a pattern of sexual offender status and has refused to seek out treatment". The court felt Johnson "poses the greatest likelihood of recidivism."
 {¶ 44} The record before us demonstrates the court complied with R.C. 2929.12(A) by considering the trial record, oral statements, victim impact statement, pre-sentence report, and the drug and alcohol evaluation administered by the clinical psychologist, as well as the principles and purposes of sentencing under R.C. 2929.11. Finally before rendering a decision, the trial court balanced the seriousness and recidivism factors under R.C. 2929.12. Most importantly, Johnson's sentence of eight years falls within the prescribed range for a felony of the second degree, which is between two and eight years. R.C. 2929.14(A)(2). Therefore, the trial court's exercise of discretion to sentence Johnson to the maximum sentence is not contrary to law.
 {¶ 45} Appellant's second assignment of error is without merit. *Page 13 
 {¶ 46} For the foregoing reasons, the Judgment Entry of the Lake County Court of Common Pleas, sentencing Johnson to a prison term of eight years and classifying him as a sexual predator, is affirmed. Costs to be taxed against appellant.
CYNTHIA WESTCOTT RICE, J., concurs,
COLLEEN MARY O'TOOLE, J., dissents with Dissenting Opinion.
[1] Under R.C. 2950.032 and R.C. 2950.031, the Attorney General is to determine the classification of each offender and send notice of the right to a court hearing before the offender is reclassified.
[2] As mentioned above, R.C. Chapter 2950 was amended effective January 1, 2008, authorizing the Attorney General to determine the classification of each offender subject to registration under a three-tiered system. Designations such as "sexual predator" no longer exist, nor do the related hearings under R.C. 2950.09. Offenders are now classified on the basis of the offense for which they have been convicted.