OPINION
{¶ 1} Dennis W. Floyd appeals his conviction in the Trumbull County Court of Common Pleas on one count of trafficking in cocaine, a felony of the fifth degree, in violation of R.C.2925.03(A)(1) and (C)(4)(a). We affirm.
 {¶ 2} Mr. Floyd was arrested on the evening of October 11, 2004, for attempting to sell cocaine to an undercover officer of the Niles Police Department. December 15, 2004, he was indicted on one count of trafficking in cocaine. He pled not guilty. The matter proceeded to jury trial on or about May 5, 2005. May 13, 2005, the jury returned a verdict of guilty. By an entry of sentence filed May 18, the trial court imposed a prison term of eight months, less time already served. Mr. Floyd timely noticed his appeal June 17, 2005, making one assignment of error:
 {¶ 3} "The appellant's convictions are against the manifest weight of the evidence."
 {¶ 4} The following facts were developed at trial. October 11, 2004, Niles Patrolman Daniel Adkins was working undercover in the eastern part of Niles, in response to complaints of drug trafficking and prostitution. He was in street clothes, driving an unmarked car, and wired with a transmitter. Patrolman Ron Wright, working surveillance to protect Patrolman Adkins, monitored the transmitter using a receiver, and a tape recorder. About 8:45 p.m., Mr. Floyd walked past, and Patrolman Adkins asked him if he had seen "B?" Evidently, Mr. Floyd knew that the reference was to a woman named Bonnie, a local prostitute and crack addict who also worked as a contact between cocaine suppliers and purchasers. Mr. Floyd stated that Bonnie had moved.
 {¶ 5} Mr. Floyd then asked Patrolman Adkins whether he wanted "some d*** good white," and whether he was a cop. Mr. Floyd stated that a ten minute ride could take them to the Golden Stallion, a bar and restaurant located in Warren, Ohio, with a reputation for drug trafficking and violence. Mr. Floyd stated that he had a connection there who could supply Patrolman Adkins with either crack or powder cocaine. Eventually, Patrolman Adkins placed Mr. Floyd under arrest.
 {¶ 6} All of the foregoing was recorded by Patrolman Wright.
 {¶ 7} Mr. Floyd testified on his own behalf at trial. He stated that he was living with his parents, and had no car, so he asked either a friend or his father to drive him to Johnny Banana's house in Niles. Mr. Banana would then take Mr. Floyd to his girlfriend's house. It turned out that Mr. Banana was not at home, so Mr. Floyd began to leave, when he was accosted by a strange man in a car, who later proved to be Patrolman Adkins. Mr. Floyd admitted that Patrolman Adkins asked him about Bonnie and where he might obtain drugs, but maintained that he replied he knew nothing of such matters. He admitted that he agreed to a ride with the purported drug purchaser, during which he was arrested. He notes that he never used the words "crack" or "cocaine," and that no drugs or drug paraphernalia were found on his person.
 {¶ 8} Mr. Floyd's sole assignment of error is that his conviction is against the manifest weight of the evidence. When reviewing a claim that a judgment was against the manifest weight of the evidence, an appellate court must review the entire record, weigh both the evidence and all reasonable inferences, consider the credibility of witnesses, and determine whether in resolving conflicts, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that a new trial must be ordered. State v. Martin (1983), 20 Ohio App.3d 172,175. See, also, State v. Thompkins, 78 Ohio St.3d 380, 387,1997-Ohio-52.
 {¶ 9} "The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." Martin at 175. The role of the appellate court is to engage in a limited weighing of the evidence introduced at trial in order to determine whether the state appropriately carried its burden of persuasion. Thompkins
at 390 (Cook, J., concurring). The reviewing court must defer to the factual findings of the trier of fact as to the weight to be given the evidence and the credibility of witnesses. State v.DeHass (1967), 10 Ohio St.2d 230, at paragraph one of the syllabus.
 {¶ 10} When assessing witness credibility, "[t]he choice between credible witnesses and their conflicting testimony rests solely with the finder of fact and an appellate court may not substitute its own judgment for that of the finder of fact."State v. Awan (1986), 22 Ohio St.3d 120, 123. "Indeed, the factfinder is free to believe all, part, or none of the testimony of each witness appearing before it." Warren v. Simpson (Mar. 17, 2000), 11th Dist. No. 98-T-0183, 2000 Ohio App. LEXIS 1073, at 8. Furthermore, if the evidence is susceptible to more than one interpretation, a reviewing court must interpret it in a manner consistent with the verdict. Id.
 {¶ 11} Mr. Floyd's principal argument in support of his assignment of error is the difference between State's Exhibit One, and State's Exhibit Three. The latter is the complete tape recording made by patrolmen Adkins and Wright on the evening of October 11, 2004. State's Exhibit One is a redacted version, evidently made by Patrolman Adkins, which eliminates some thirty minutes of uneventful recording prior to his encounter with Mr. Floyd. The jury actually listened to State's Exhibit One during trial, though State's Exhibit Three was later substituted, admitted into evidence, and taken by the jury during deliberations into the jury room. Patrolmen Adkins and Wright both testified that State's Exhibit One was an accurate memorialization of the conversation that evening with Mr. Floyd, with neither insertions nor deletions. Mr. Floyd notes that nothing in the record shows that the jury actually listened to State's Exhibit Three, to compare it with State's Exhibit One, and asserts that the portion of his conversation with Patrolman Adkins in which he denied knowledge of drugs or drug dealing has been eliminated.
 {¶ 12} Mr. Floyd's arguments are unavailing. The jury was free to find the testimony of Patrolmen Adkins and Wright more credible than his own. Awan at 123. It was free to discredit Mr. Floyd's testimony entirely. Warren at 8. This court may not substitute its own interpretation of the evidence for that of the jury, if more than one interpretation may be given the evidence. Id. The portions of each state's exhibit in question depicting the conversation between Patrolman Adkins and Mr. Floyd are the same: the jury was free to credit the patrolmen's testimony that nothing had been deleted from the conversation.
 {¶ 13} In sum, there is nothing in the record indicating that the jury lost its way in convicting Mr. Floyd. Consequently, his sole assignment of error fails.
 {¶ 14} The judgment of the Trumbull County Court of Common Pleas is affirmed.
O'Neill, J., Rice, J., concur.