OPINION
{¶ 1} Appellant, Lennard L. Graham, pled guilty to one count of sexual battery and one count of abduction, felonies of the third degree in violation of R.C. 2907.03(A)(1) and R.C. 2905.02(A)(2). Following the acceptance of the plea, the Lake County Court of Common Pleas sentenced appellant to three years imprisonment on each offense, to run concurrent to one another, but consecutive to sentences he was already serving arising out of cases from Cuyahoga County. The trial court held a *Page 2 
sexual offender classification hearing and labeled appellant a sexual predator pursuant to R.C. 2950.01 and R.C. 2950.09.
 {¶ 2} Appellant timely filed the instant appeal and raises the following assignment of error:
 {¶ 3} "The trial court committed reversible error when it labeled the defendant-appellant a sexual predator against the manifest weight of the evidence."
 {¶ 4} Standard of Review
 {¶ 5} In reviewing sexual predator determinations, we must review the entire record and decide whether the classification was against the manifest weight of the evidence. State v. Yodice, 11th Dist. No. 2001-L-155, 2002-Ohio-7344, at ¶ 11.
 {¶ 6} When determining whether a judgment is against the manifest weight of the evidence, we must consider all the evidence in the record, the reasonable inferences, the credibility of the witnesses, and decide whether, "in resolving conflicts in the evidence, the [trier of fact] clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v.Martin (1983), 20 Ohio App.3d 172, 175. As a reviewing court, we must defer to the factual findings of the trier of fact as to the weight to be given the evidence and the credibility of witnesses. State v.Thompkins (1997), 78 Ohio St.3d 380, 390; State v. DeHass (1967), 10 Ohio St.2d 230, paragraph one of the syllabus.
 {¶ 7} Sexual Predator Classification
 { ¶ 8} Appellant challenges his classification as a sexual predator.
 {¶ 9} Appellant's classification as a sexual predator stems in large part from an incident that occurred from February 9, 2005 through February 10, 2005, where *Page 3 
appellant, age thirty-eight, forced the victim, his ex-girlfriend, age thirty-three, to engage in non-consensual sexual acts with him. Prior to February 9, 2005, appellant had made numerous threats against the victim and had stalked her. As a result, he was charged and ultimately convicted for charges of stalking and telecommunications harassment.
 {¶ 10} On February 9, 2005, appellant entered the victim's apartment through her unlocked door. He offered her $ 150 to drop the stalking and telecommunication harassment charges that were lodged against him and for which he had to appear in court the next morning to answer. Appellant told the victim that he wanted to have sex with her, and when she refused, he forced her to perform oral sex on him. He then had unprotected forcible vaginal sex with her at least three other times throughout the night and into the morning. At one point, appellant pulled her hair and told her she had to have sex with him if she knew what was good for her.
 {¶ 11} Appellant refused to let the victim out of his sight. He followed her to the bathroom and rode the bus to court with her the next morning. When she got off the bus, she ran into an office building and screamed that she was being stalked. Police apprehended and arrested appellant a short time later.
 {¶ 12} R.C. 2950.01(E)(1) defines a sexual predator as one who has "been convicted of or pleaded guilty to committing a sexually oriented offense that is not a registration-exempt sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." Included within the definition of "sexually oriented offense" are violations of R.C. 2907.03, which appellant pled guilty to. Thus, appellant's conviction under R.C. 2907.03 satisfies the first prong of the sexual predator classification. *Page 4 
 {¶ 13} At issue, and what appellant challenges, is whether the second prong has been proven regarding the likelihood that a sexually oriented offense will be committed in the future. Specifically, it was essential for the state to prove, by clear and convincing evidence, that appellant was "likely to engage in the future in one or more sexually oriented offenses." State v. Eppinger (2001), 91 Ohio St.3d 158, 163.
 {¶ 14} R.C. 2950.09(B)(3) sets forth specific factors to be considered by a trial court prior to making its determination that an offender is a sexual predator. In particular, R.C. 2950.09(B)(3) provides that the judge shall consider all relevant factors, including but not limited to, the following:
 {¶ 15} "(a) The offender's * * * age;
 {¶ 16} "(b) The offender's * * * prior criminal * * * record regarding all offenses, including, but not limited to, all sexual offenses;
 {¶ 17} "(c) The age of the victim of the sexually oriented offense for which sentence is to be imposed or the order of disposition is to be made;
 {¶ 18} "(d) Whether the sexually oriented offense for which sentence is to be imposed or the order of disposition is to be made involved multiple victims;
 {¶ 19} "(e) Whether the offender * * * used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 {¶ 20} "(f) If the offender * * * previously has been convicted of or pleaded guilty to, or been adjudicated a delinquent child for committing an act that if committed by an adult would be, a criminal offense, whether the offender or delinquent child completed any sentence or dispositional order imposed for the prior offense or act and, if the prior *Page 5 
offense or act was a sex offense or a sexually oriented offense, whether the offender or delinquent child participated in available programs for sexual offenders;
 {¶ 21} "(g) Any mental illness or mental disability of the offender * * *;
 {¶ 22} "(h) The nature of the offender's * * * sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 {¶ 23} "(i) Whether the offender * * * during the commission of the sexually oriented offense for which sentence is to be imposed or the order of disposition is to be made, displayed cruelty or made one or more threats of cruelty;
 {¶ 24} "(j) Any additional behavioral characteristics that contribute to the offender's * * * conduct""
 {¶ 25} In making its sexual predator determination, the trial court stated that it considered the pre-sentence report, the victim impact statement, the psychiatric evaluation and the testimony of Dr. Rindsberg, the court psychologist. The court made its determination that appellant was a sexual predator based upon its finding that factors (g) through (j) were relevant. Specifically, the court found that appellant has anti-social personality disorder, alcohol dependence and cannabis dependence; appellant's sexual actions were part of a demonstrated pattern of abuse; and that based on his Static 99 score of 5, Dr. Rindsberg opined appellant had a "moderate-high" risk of sexually re-offending.
 {¶ 26} Appellant argues that he should not have been labeled a sexual predator because the statutory factors of R.C. 2950.09(B)(3) do not show that he was likely to *Page 6 
sexually re-offend in the future. To support his assertion, appellant points out that his age (thirty-eight) makes him less likely to re-offend; there was no evidence that drugs or alcohol were forced on the victim; and he had no prior sex offenses and no prior sex offense treatment.
 {¶ 27} While we agree that some of the factors clearly do not apply to appellant, this court has recognized that it is not necessary for a trial court to find all the statutory factors apply to an offender, or even a majority of the factors, prior to the classification as a sexual predator. State v. Swank, 11th Dist. No. 98-L-049, 2001-Ohio-8833, at 16-17. In fact, "the defendant may be so adjudicated even if only one or two of these factors are present, so long as the totality of the circumstances provides clear and convincing evidence that the defendant is likely to commit a sexually-oriented offense in the future."Yodice at ¶ 13.
 {¶ 28} Thus, a single sexually oriented conviction alone may support a sexual predator adjudication. Eppinger at 167. While it is impermissible to rely solely on the underlying conviction, a court may consider the facts of the underlying conviction as a basis for a sexual predator determination. Id.; Yodice at ¶ 14.
 {¶ 29} In reviewing the evidence under a totality of the circumstances, we do not agree that appellant's classification as a sexual predator is against the manifest weight of the evidence. In this case, appellant had a history of stalking and harassing the victim. His sexual abuse of the victim was part of a demonstrated pattern of abuse. Furthermore, during the commission of the sexually oriented offense, appellant threatened the victim and displayed cruelty or threats of cruelty. In forcing her to submit to sexual acts, appellant pulled her hair and threatened her. *Page 7 
 {¶ 30} Also pertinent is the fact that psychologist Dr. Rindsberg, after analyzing appellant's recidivism risk under the factors listed in R.C. 2950.09(B)(3), concluded that appellant had a "moderate-high" risk of re-offending. This conclusion was based on appellant's score of 5 on the Static 99 test that determines the actuarial risk for sexual recidivism. Dr. Rindsberg also found that appellant had a history of stalking the victim, which pointed to a demonstrated pattern of abuse. Based on his consideration of the statutory factors, Dr. Rindsberg recommended that appellant be classified a sexual predator.
 {¶ 31} Appellant has failed to demonstrate that his classification as a sexual predator was against the manifest weight of the evidence. To the contrary, we find that this classification was supported by clear and convincing evidence. Dr. Rindsberg's testimony and his recommendation that appellant be classified as a sexual predator was based on psychological testing that support his opinion that appellant is likely to commit a sexually oriented offense in the future. Appellant's prior history with the victim demonstrates a pattern of abuse. Moreover, appellant displayed cruelty in the manner in which he committed the sexually oriented offense. These factors all weigh heavily in favor of the sexual predator classification.
 {¶ 32} Appellant's sole assignment of error lacks merit.
 {¶ 33} The judgment of the Lake County Court of Common Pleas is affirmed.
 WILLIAM M. O'NEILL, J., DIANE V. GRENDELL, J., Concur *Page 1