OPINION
{¶ 1} Appellant, John Montie, appeals from the May 24, 2006 judgment entry of the Portage County Court of Common Pleas, in which he was sentenced for rape and gross sexual imposition. For the following reasons, we affirm.
 {¶ 2} Statement of Facts and Procedural History
 {¶ 3} Appellant was indicted by a Grand Jury on June 29, 2004, for one count of rape and one count of gross sexual imposition. The incident occurred sometime between January 1, 2001 and December 31, 2001. Appellant was living with the *Page 2 
victim's family during the time it was alleged that he sexually molested the victim, who was nine or ten years old during the relevant time period.
 {¶ 4} Initially appellant entered a plea of not guilty to the charges. On November 23, 2005, he filed a motion to withdraw his plea, which the court granted on January 11, 2006. The case proceeded to a two day jury trial on April 4, 2006.
 {¶ 5} During trial, the state presented evidence and testimony of seven witnesses, including: the victim, her brother, mother, and step-father, an officer and a detective, both from the Kent Police Department, and a nurse.
 {¶ 6} Appellant sought to introduce a statement during trial that was taken by Sheri Eckman, a Children Services worker from Summit County, who was unavailable to testify. Included in Ms. Eckman's case file was a summary statement she wrote after her interview with the victim.
 {¶ 7} After an in camera inspection of the statement, the trial court determined that this was not a prior written or recorded statement of the victim. However, the trial court did allow appellant to cross-examine the victim on the one inconsistency the court found between the statement and the victim's testimony at trial. The defense rested after the state presented its case-in-chief.
 {¶ 8} On April 5, 2006, the jury returned a verdict of guilty on both counts. On May 24, 2006, the court sentenced appellant to concurrent sentences of imprisonment, seven years for the crime of rape, and three years for the crime of gross sexual imposition. The court also determined appellant was a habitual sexual offender based on his prior gross sexual imposition conviction. *Page 3 
 {¶ 9} Appellant filed a timely appeal, from which he now raises two assignments of error:
 {¶ 10} "[1.] The appellant was denied a fair trial when he was prohibited from cross-examining the complaining witness to establish her bias and motive in this case in violation of appellant's constitutional rights pursuant to the United States Constitution and the Ohio Constitution.
 {¶ 11} "[2.] The convictions of the trial court should be reversed because they are against the manifest weight of the evidence and because the evidence supporting them was insufficient as a matter of law to prove the conviction beyond a reasonable doubt in violation of the United States Constitution."
 {¶ 12} Standard of Review: The Right to Confrontation
 {¶ 13} "[Generally, the scope of cross-examination is within the sound discretion of the trial judge." State v. Ferguson (1983), 5 Ohio St.3d 160,166. "The trial court has broad discretion in the admission and exclusion of evidence." State v. Bentley, 11th Dist. No. 2004-P-0053,2005-Ohio-4648, at ¶ 19, citing State v. Hymore (1967),9 Ohio St.2d 122, 128. Thus, "[a]n appellate court shall not disturb evidentiary rulings absent an abuse of discretion." Id. "An abuse of discretion `connotes more than an error of law or of judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable.'" Id., citing State v. Adams (1980), 62 Ohio St. 2d 151, 157.
 {¶ 14} "The Sixth Amendment to the United States Constitution provides: `In all criminal prosecutions, the accused shall enjoy the right to * * * be confronted with the witnesses against him * * *.' Further, Article I, Section 10 of the Ohio Constitution provides, in relevant part: `In any trial, in any court, the party accused shall be allowed *Page 4 
to appear and defend in person and with counsel * * * [and] meet the witnesses face to face * * *.'" State v. Minier (Sept. 28, 2001), 11th Dist. No. 2000-P-0025, 2001-Ohio-4285, 4, citing Delaware v.Van Arsdall (1986), 475 U.S. 673, 679.
 {¶ 15} However, "[a] criminal defendant's right to confront and cross-examine a witness is not unlimited." Id.
 {¶ 16} "A trial court retains wide latitude insofar as the Confrontation Clause is concerned to impose reasonable limits on such cross-examination based on concerns about, among other things, harassment, prejudice, confusion of the issues, the witness' safety, or interrogation that is repetitive or only marginally relevant. Thus, `the Confrontation Clause guarantees an opportunity for effective cross-examination, not cross-examination that is effective in whatever way, and to whatever extent the defense might wish.'" Id. at 5, quotingDelaware v. Fensterer (1985), 474 U.S. 15, 20.
 {¶ 17} Appellant's Right to Confrontation
 {¶ 18} In his first assignment of error, appellant argues that he was denied his right to a fair trial when he was restricted from cross-examining the victim on inconsistencies between her testimony and a prior statement. Thus, appellant argues his constitutional rights pursuant to the United States and Ohio Constitutions were violated.
 {¶ 19} During trial, appellant sought to introduce into evidence a statement that was made by Ms. Sherri Eckman. Ms. Eckman was a Summit County Children Services worker who interviewed the victim on March 24, 2004. After the interview, Ms. Eckman wrote a summary of what the victim had related to her, and included this in her file. Thus, the statement is Ms. Eckman's recollection of her conversation with the *Page 5 
victim. It is not, as appellant contends, a prior written or recorded statement that may be used when a witness is unavailable to testify.
 {¶ 20} Specifically, appellant wanted to question the victim on two prior incidents that she had related to Ms. Eckman. The victim had told Ms. Eckman that appellant "had drugs in the house, and she smelled at [sic] it, and yelled at him for smoking the pot." Secondly, she told Ms. Eckman that on another occasion, she "went downstairs with a knife and threatened to cut him open." Appellant argues that cross-examining the victim on these statements would bring out bias and motive. Thus, appellant believes the court abused its discretion in not admitting this statement and in not allowing him to cross-examine the victim on these incidents.
 {¶ 21} We reject this argument. A review of the record reveals that the court properly held an in camera inspection of the statement. Further, these prior incidents were never discussed or even mentioned at the trial. The court properly considered the statement and determined it was not a prior written or recorded statement that could be relied on with any indicia of reliability. The court then determined that appellant could only question the victim on inconsistencies that were in direct conflict with the victim's testimony. The court found only one such inconsistency, that the victim told Ms. Eckman that she delayed telling anyone about the incident with appellant because she was too embarrassed. In contrast to this written statement, on the stand, the victim testified that she was too afraid to tell anyone about the incident.
 {¶ 22} "It is clear that a witness may be impeached by showing bias. Evid. R. 616(A). However, like any other relevant evidence, it may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice or of misleading the *Page 6 
jury. Evid. R. 403(A)." State v. Cline (Dec. 1, 2000), 11th Dist. No. 99-L-090, 2000 Ohio App. LEXIS 5614, 6.
 {¶ 23} "The constitutional right to cross-examine adverse witnesses does not authorize defense counsel to disregard sound evidentiary rules." State v. Norwood, 11th Dist. No. 2000-L-146, 2002-Ohio-1359, at 7-8, citing State v. Amburgey (1987), 33 Ohio St.3d 115, 117. Furthermore, "[w]hile cross-examination itself is a matter of right, the extent of cross-examination with respect to an appropriate subject of inquiry is within the sound discretion of the trial court." Id., citingState v. Green (1993), 66 Ohio St. 3d 141, 147.
 {¶ 24} We do not find the court abused its discretion in this evidentiary determination. However, even if we did find the court erred by limiting the scope of cross-examination, it would be harmless at best. On cross-examination, appellant elicited from the victim's own testimony the motive and bias he sought to introduce to the jury through the statement. This is demonstrated by the following colloquy between the victim and appellant's counsel, Mr. Ray, during cross-examination:
 {¶ 25} "MR. RAY: And based upon what you told your mom and dad Mr. Montie was forced to leave, correct?
 {¶ 26} "VICTIM: I don't remember if that is why they made him leave.
 {¶ 27} "MR. Ray: Were there other reasons they-
 {¶ 28} "VICTIM: He became belligerent, him and my mother would get into frequent arguments. He tried to boss me and my little brother around. He tried to become the third parent in the house. *Page 7 
 {¶ 29} ""MR. RAY: So there was a lot of reasons they [victim's parents] wanted him to leave, right?
 {¶ 30} "VICTIM: Yes, sir.
 {¶ 31} "MR. RAY: Now you indicated just now that Mr. Montie became belligerent and tried to boss everybody around.
 {¶ 32} "VICTIM: Yes, sir.
 {¶ 33} "MR. RAY: Tried to become a third parent?
 {¶ 34} "VICTIM: Yes, sir. He would call my mother names and he would yell at my mom and she was sick and tired of it.
 {¶ 35} "MR. RAY: And this was after you had told your mom about this?
 {¶ 36} "VICTIM: Before and after.
 {¶ 37} "MR. RAY: So there was a reason you wanted him to leave, right?
 {¶ 38} "VICTIM: Yes.
 {¶ 39} `MR. RAY: And you told your mom and dad this story and Mr. Montie was forced to leave, right?
 {¶ 40} "VICTIM: I don't remember if he was forced to leave right after I told them."
 {¶ 41} As we held in State v. Bentley, "[a]s part of the general right to cross examine a witness, the Confrontation Clause gives a criminal defendant the specific right to question a witness as to possible sources of bias in his testimony." Id. at ¶ 32, citing Norwood at 6,Davis v. Alexis (1974), 415 U.S. 308, 315. However, precluding defense counsel from cross-examining appellant to the extent he wishes does not require that he be given a new trial nor suggest that the trial court abused its discretion. *Page 8 
Id. See State v. Varner (Sept. 25, 1998), 11th Dist. No. 96-T-5581, 1998 Ohio App. LEXIS 4545, at 18.
 {¶ 42} Thus, we find no abuse of discretion in the court's evidentiary determination. Furthermore, even if an error did occur, the error was harmless at best, since the cross-examination of the victim elicited direct testimony as to the motive and bias appellant sought to introduce through the statement.
 {¶ 43} We find appellant's first assignment of error be without merit.
 {¶ 44} Appellant's first assignment of error is overruled.
 {¶ 45} Standard of Review — Manifest Weight of the Evidence
 {¶ 46} "When reviewing a claim that a judgment was against the manifest weight of the evidence, an appellate court must review the entire record, weigh both the evidence and all reasonable inferences, consider the credibility of witnesses, and determine whether in resolving conflicts, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that a new trial must be ordered." State v. Floyd, 11th Dist. No. 2005-T-0072, 2006-Ohio-4173, at ¶ 8, citing State v. Martin (1983), 20 Ohio App.3d 172, 175. See, also,State v. Thompkins (1997) 78 Ohio St.3d 380, 387.
 {¶ 47} "The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." Floyd at ¶ 9, citing Martin at 175. "The role of the appellate court is to engage in a limited weighing of the evidence introduced at trial in order to determine whether the state appropriately carried its burden of persuasion." Id., citingThompkins at 390 (Cook, J., concurring). "The reviewing court must defer to the factual findings of the trier *Page 9 
of fact as to the weight to be given the evidence and the credibility of the witnesses." Id., citing State v. DeHass (1967), 10 Ohio St.2d 230, at paragraph one of the syllabus.
 {¶ 48} "When assessing witness credibility, `[t]he choice between credible witnesses and their conflicting testimony rests solely with the finder of fact' * * *." Id. at ¶ 10, citing State v. Awan (1986),22 Ohio St.3d 120, 123. "Indeed, the factfinder is free to believe all, part, or none of the testimony of each witness appearing before it." Id., citingCity of Warren v. Simpson (Mar. 17, 2000), 11th Dist. No. 98-T-0183, 2000 Ohio App. LEXIS 1073, at 8. "Furthermore, if the evidence is susceptible to more than one interpretation, a reviewing court must interpret it in a manner consistent with the verdict." Id.
 {¶ 49} Manifest Injustice
 {¶ 50} In his second assignment of error, appellant argues that the jury verdict is against the manifest weight of the evidence and that the evidence was insufficient to support the verdict. We cannot determine from this language whether appellant is raising a manifest weight of the evidence argument or a sufficiency of the evidence argument since these arguments are intertwined in appellant's brief. Thus, we will review under both standards after clarifying the difference in these standards.
 {¶ 51} We clarified this distinction in State v. Schlee (Dec. 23, 1994), 11th Dist. No. 93-L-082, 1994 Ohio App. LEXIS 5862. In that case, we explained that "`sufficiency' challenges whether the prosecution has presented evidence on each element of the offense to allow the matter to go to the jury, while `manifest weight' contests the believability of the evidence presented." Id. at 13. *Page 10 
 {¶ 52} Thus, the standard to be applied in a sufficiency of the evidence challenge is: "when viewing the evidence in a light most favorable to the prosecution, * * * a reviewing court [should] not reverse a jury verdict where there is substantial evidence upon which the jury could reasonably conclude that all of the elements of an offense have been proved beyond a reasonable doubt." Schlee at 14, citing State v.Eley (1978), 56 Ohio St. 2d 169. Therefore, a sufficiency challenge requires us to review the record to determine whether the state presented evidence on each of the elements of the offenses presented.
 {¶ 53} Applying these theories, we first review this case to see whether the verdict is supported by the manifest weight of the evidence. We will then review whether the state has carried its burden of proof and introduced sufficient evidence on each count of the elements for the offenses of rape and gross sexual imposition.
 {¶ 54} The thrust of appellant's argument is that aside from the victim's testimony, none of the other witnesses had any knowledge of inappropriate behavior between appellant and the victim. Thus, appellant contends the evidence presented does not support the verdict rendered.
 {¶ 55} We reject this argument. A review of the record shows that the state presented evidence and testimony of seven witnesses, which included the victim's testimony that related the actual incident. The evidence established that the incident occurred between January 1, 2001 and December 1, 2001. The incident was not prosecuted until 2004, when the victim told a counselor about the incident. As a mandatory reporter, the counselor reported the incident, thus initiating the investigation and subsequent charges. *Page 11 
 {¶ 56} Regarding the incident itself, the victim testified that she was nine or ten at the time, and that the incident occurred when she was home one night watching television, where she was "propped up" on appellant's legs, who was lying on the couch. Her mother, the only other person awake, was in the next room working on the computer. The victim was falling asleep when appellant took her hand and rubbed it over his penis. She then testified that appellant got off the couch and sat down by the foot of the couch by her feet. Then he took his hand, rubbed her vagina, and inserted his fingers into her. When asked what she was doing while this was occurring, the victim testified that she was pretending to be asleep. The victim was silent about the incident for about three months, at which point she confided in her brother because she knew he would tell their mother. Her brother testified as well to this effect.
 {¶ 57} Thus, our review of the record reveals the state presented competent, credible evidence from which the jury could determine appellant was guilty. Furthermore, appellant did not present any witnesses or evidence, but instead chose to rest after the state presented their case-in-chief.
 {¶ 58} We fail to see how this renders the verdict unsupported by the manifest weight of the evidence. Rather, once witnesses are presented, the issue turns on the credibility of the witnesses. For this determination, we defer to the trier of fact. This is so since "the jurors see the witnesses and observe their demeanor. The credibility to be given to each and all is for the jury." Schlee at 16, citingState v. Mills (1992), 62 Ohio St.3d 357, 368, citing State v.Petro (1947), 148 Ohio St. 473, 501. Without more, we will not disturb this jury's verdict. *Page 12 
 {¶ 59} We now turn to review whether the state presented sufficient evidence on each element of the offenses of rape and gross sexual imposition. We note that if, indeed, appellant is challenging the sufficiency of the evidence; he has failed to allege which element the state failed to carry its burden of proof.
 {¶ 60} Specifically, for the offense of rape, the jury was required to find that appellant engaged in sexual conduct with the victim, who was not his spouse, when she was less than thirteen years of age, whether or not appellant knew the victim's age. R.C. § 2907.02(A)(1)(b). Rape in this context means any sexual conduct that is done "without privilege to do so, the insertion, however slight, of any part of the body into the vaginal cavity of another." R.C. § 2907.01(A).
 {¶ 61} For the offense of gross sexual imposition, the jury was instructed to find that appellant had sexual contact with the victim, who was not his spouse, and who was less than thirteen years of age, whether or not appellant knew her age. R.C. § 2907.05. Sexual contact in this context means "any touching of an erogenous zone of another including without limitation the thigh, genitals, buttock, pubic region, or, if the person is a female, a breast, for the purpose of sexually arousing or gratifying either person." R.C. § 2907.01 (B).
 {¶ 62} As the review of the evidence above indicates, the state clearly produced sufficient evidence on each of these essential elements from which the jury could find appellant guilty beyond a reasonable doubt.
 {¶ 63} Thus, we find that the verdict is supported by the manifest weight of the evidence and that the state sufficiently introduced competent, credible evidence on *Page 13 
each of the essential elements for the offense of rape and gross sexual imposition. We find appellant's second assignment of error to be without merit.
 {¶ 64} For the following reasons, we find appellant's assignments of error are overruled. The judgment of the Portage County Court of Common Pleas is affirmed.
DIANE V. GRENDELL, J., concurs,
WILLIAM M. O'NEILL, J., dissents with Dissenting Opinion.