OPINION
{¶ 1} Appellant, Reginald K. Miliner ("Mr. Miliner"), appeals the judgment of the Trumbull County Court of Common Pleas finding him guilty of burglary. For the reasons that follow, we affirm.
 {¶ 2} Statement of Facts and Procedural History
 {¶ 3} On the evening of May 7, 2006, Liberty Township Police Officer Eric Sewell ("Officer Sewell") responded to a call that a black male suspect was breaking into the apartment complex at 205 Churchill-Hubbard Road. The witness, Ms. Debbie *Page 2 
Green ("Ms. Green"), observed the male from her kitchen window, jiggling the handle of the front door knob and looking around as he pushed his body into the door. Ms. Green heard a cracking noise and observed the wood splinter on the door. She then called 911 and walked to the back of the building where she saw the same man in the basement standing with Officer Sewell. She also observed a hat filled with quarters.
 {¶ 4} When Officer Sewell arrived at the apartment complex he spoke with a couple of witnesses who told him the suspect was in the basement. Officer Sewell went down to the basement where he found the suspect, who he identified as Mr. Miliner, holding a baseball cap that was filled with quarters. He also noticed that a washing machine was tipped over with the coin slots and coin dispenser destroyed. There were also quarters on the basement floor. Officer Sewell arrested appellant and after patting him down found a utility knife in his pocket. A crowbar was also found lying in the tub. Neither the knife nor the crowbar were admitted into evidence as they were not timely returned by the Bureau of Criminal Investigation (BCI).
 {¶ 5} The building manager testified that the only way to gain entry into the apartment building is to be "buzzed" in by a resident. She also testified that when the door is closed it is locked. She further testified that no tools are stored in the laundry room.
 {¶ 6} Mr. Miliner took the stand in his own behalf. Mr. Miliner said that he went to the apartment building because a stranger told him he would be able to find quarters in the basement of this building. Mr. Miliner admitted that he took the quarters but claimed that he did not break into the building. He said he simply opened the door and walked inside the building. On cross-examination, he conceded that the door was *Page 3 
wedged in "real tight." Mr. Miliner also corroborated Ms. Green's testimony that before he entered the building he looked around to see if there was anyone in sight. Mr. Miliner further admitted that he had prior theft and burglary convictions, including a conviction for stealing coins from a vending machine.
 {¶ 7} The jury found appellant guilty of burglary. The trial court sentenced Mr. Miliner to a prison term of seven years and notified him that postrelease control is mandatory for up to a maximum of three years.
 {¶ 8} Mr. Miliner filed the instant appeal, raising one assignment of error:
 {¶ 9} "The Appellant's conviction for burglary is against the manifest weight of the evidence."
 {¶ 10} Standard of Review
 {¶ 11} In his sole assignment of error, Mr. Miliner claims that his conviction is against the manifest weight of the evidence. We disagree.
 {¶ 12} "When determining whether a judgment is against the manifest weight of the evidence, we must consider all the evidence in the record, the reasonable inferences, the credibility of the witnesses, and decide whether, `in resolving conflicts in the evidence, the [trier of fact] clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.'"State v. Graham, 11th Dist. No. 2006-L-188, 2007-Ohio-2309, at ¶ 6, citing State v. Martin (1983), 20 Ohio App.3d 172, 175. "As a reviewing court, we must defer to the factual findings of the trier of fact as to the weight to be given the evidence and the credibility of witnesses." Id., citing State v. Thompkins (1997), 78 Ohio St.3d 380, 390; State v.DeHass (1967), 10 Ohio St.2d 230, paragraph one of the syllabus. *Page 4 
 {¶ 13} Burglary Conviction
 {¶ 14} The statute under which Mr. Miliner was charged and convicted is R.C. 2911.12(A)(2), which provides as follows:
 {¶ 15} "No person, by force, stealth, or deception, shall * * * [trespass in an occupied structure or in a separately secured or separately occupied portion of an occupied structure that is a permanent or temporary habitation of any person when any person other than an accomplice of the offender is present or likely to be present, with purpose to commit in the habitation any criminal offense * * *."
 {¶ 16} Mr. Miliner argues that his conviction for burglary is against the manifest weight of the evidence because the state failed to prove that he entered the apartment building by force, stealth, or deception. In particular, he maintains that his conviction must be overturned since the state failed to establish a timeline, failed to prove that he used the crowbar to enter the building, and failed to disprove his account that another individual had broken into the building before he arrived at the scene.
 {¶ 17} At the outset, we note that Mr. Miliner, by arguing that the state failed to prove elements of the burglary offense, appears to be presenting not only a manifest weight of the evidence argument but also a sufficiency of the evidence argument. We clarified the distinction between a manifest weight and sufficiency challenge in State v.Schlee (Dec. 23, 1994), 11th Dist. No. 93-L-082, 1994 Ohio App. LEXIS 5862, in which we held that "`[sufficiency' challenges whether the prosecution has presented evidence on each element of the offense to allow the matter to go to the jury, while `manifest weight' contests the believability of the evidence presented." Id. at 13. Thus, the standard to be applied in a sufficiency of the evidence challenge is: "when viewing the *Page 5 
evidence `in a light most favorable to the prosecution,' * * * [a] reviewing court [should] not reverse a jury verdict where there is substantial evidence upon which the jury could reasonably conclude that all of the elements of an offense have been proved beyond a reasonable doubt." Id. at 14, citing State v. Eley (1978), 56 Ohio St.2d 169, syllabus. Therefore, a sufficiency challenge requires us to review the record to determine whether the state presented evidence on each of the elements of the offenses presented.
 {¶ 18} Regardless of whether Mr. Miliner is challenging his conviction on manifest weight grounds or on sufficiency grounds, we reject his arguments. The evidence reveals that not only is his conviction supported by the manifest weight of the evidence, but the state has also carried its burden of proof and introduced sufficient evidence on each count of the elements for the offense of burglary.
 {¶ 19} Contrary to Mr. Miliner's position, the evidence establishes that he entered the building either by force or by stealth. R.C.2901.01(A)(1) defines "force" as "any violence, compulsion, or constraint physically exerted by any means upon or against a person or thing." Although the term "stealth" is not defined in the Revised Code, this court has previously held that a person enters a building by stealth if he or she does so by committing a "secret, sly or clandestine act to avoid discovery and to gain entrance into or to remain within a residence of another without permission." State v. Sims, 11th Dist. No. 2001-L-081, 2003-Ohio-324, at ¶ 55.
 {¶ 20} In this case, the eyewitness, Ms. Green, observed a black male suspect jiggling the front door handle and "looking from side to side" before he pushed his body into the door. She then heard the wood splinter and called 911. Just three minutes later, Ms. Green then observed the same male being apprehended by the police in the *Page 6 
basement. The fact that Ms. Green observed the male, later identified as Mr. Miliner, jiggling the door handle and pushing his body weight into the door causing the wood to splinter satisfies the requirement that he entered the building by force.
 {¶ 21} The evidence also establishes entry by stealth. Not only did Ms. Green observe Mr. Miliner looking around before entering the building, but Mr. Miliner admitted in the following testimony that he entered the building in a sly manner to avoid being discovered:
 {¶ 22} "Q. Okay. And you're saying you didn't break in, you just kind of snuck in; correct?
 {¶ 23} "A. Basically. I just walked up, looked around, see was anybody out. Because the guy said, you know, the door is open. And I looked around, both sides, I see, was anybody looking. And I opened the door, walked right on in. * * *
 {¶ 24} "Q. So you looked around to make sure that nobody would see you go in; correct?
 {¶ 25} "A. Basically, yes, sir."
 {¶ 26} With regard to Mr. Miliner's argument that another individual had forcibly entered the building before him and that he simply walked inside the building by opening the door, the jury was free to believe or disbelieve Mr. Miliner's version of what transpired. "When assessing witness credibility, `[t]he choice between credible witnesses and their conflicting testimony rests solely with the finder of fact' * * *."State v. Montie, 11th Dist. No. 2006-P-0058, 2007-Ohio-2317, at ¶ 48, citing State v. Floyd, 11th Dist. No, 2005-T-0072, 2006-Ohio-4173, at ¶ 9, citing State v. Awan (1986), 22 Ohio St.3d 120, 123. "Indeed, the factfinder is free to believe all, part, or none of the *Page 7 
testimony of each witness appearing before it." Id., citing City ofWarren v. Simpson (Mar. 17, 2000), 11th Dist. No. 98-T-0183, 2000 Ohio App. LEXIS 1073, at 8. "Furthermore, if the evidence is susceptible to more than one interpretation, a reviewing court must interpret it in a manner consistent with the verdict." Id.
 {¶ 27} Mr. Miliner also argues that because the crowbar was not available to be used as evidence at trial the state could not prove that he used it to gain entrance into the building. However, the fact that the crowbar was not presented as evidence is immaterial since there was other evidence presented to show a forced entry or entry by stealth by Mr. Miliner. In addition to Ms. Green's eyewitness testimony, Officer Sewell corroborated damage to the door. Mr. Miliner also admitted that he entered the building after looking around to make sure no one saw him enter. Mr. Miliner was found in the basement of the building with his hat filled with $17 in quarters. The washing machine was tipped on its side with the coin dispenser broken. All elements of the offense were proven.
 {¶ 28} Our review of the record reveals that the state presented competent, credible evidence from which the jury could determine Mr. Miliner was guilty of burglary. We cannot conclude that the jury lost its way. After reviewing the entire record, weighing the evidence and all reasonable inferences and considering the credibility of the witnesses, we find that the verdict is not against the weight of the evidence.
 {¶ 29} Mr. Miliner's assignment of error is overruled.
 {¶ 30} The judgment of the Trumbull County Court of Common Pleas is affirmed.
 COLLEEN MARY OTOOLE, J., TIMOTHY P. CANNON, J., concur. *Page 1