{¶ 31} WILLAMOWSKI, J. I respectfully concur in part and dissent in part from the majority. Although I concur with the majority that Campbell was not entitled to a jury instruction on complicity, I disagree with the conclusion in the second and third assignments of error that the verdict is supported by sufficient evidence and is not against the manifest weight of the evidence.
 {¶ 32} Stealth is generally defined as any secret or sly act to gain entrance. State v. Miliner, 11th Dist. No. 2007-T-0031,2007-Ohio-6561, ¶ 19. Stealth has been determined to include surreptitiously waiting for an owner to leave before entering a premises. However, this definition requires evidence that a defendant *Page 13 
took some action to insure the owner was not present or to hide the defendant's presence. See State v. Sims, 11th Dist. No. 2001-L-081, 2003-Ohio-324; State v. Bolden, 5th Dist. No. 2002-CA-00235, 2002-Ohio-6976; State v. Isom (Nov. 29, 2001), Cuyahoga App. No. 78959; In re Markunes (Sept. 20, 1996), Montgomery App. No. 15601, 15617; State v. Pullen (June 25, 1992), Greene App. No. 91 CA 33; No evidence was presented that Campbell did anything to insure the owner wasn't present.[1] In addition, Campbell was charged with entering an unoccupied structure which by definition means that the owner is not likely to be present. The State presented no evidence that Campbell attempted to hide his entrance in any manner or to hide his presence at the structure. In fact, the State did not argue in closing that the trespass was committed through the use of force, stealth, or deception. This element of the offense was ignored by the State. The evidence presented was that one of the owners could clearly see Campbell's vehicle as it entered the premises and saw the truck parked partially in and partially out of the structure. The owner then pulled into the drive and blocked Campbell's exit from the property until the sheriff arrived. Thus, no competent evidence of stealth was presented. *Page 14 
 {¶ 33} The majority claims that evidence of stealth was presented first because of the location of the property. However, the location of the property was not determined by an act of the defendant, but rather by the circumstances. Merely taking advantage of the isolation of a location is not evidence of an affirmative act by a defendant to qualify as stealth. Additionally, the majority also claims that the fact that it was getting dark was evidence of stealth. However, no authority is provided from which it could be determined that darkness is more than an attendant circumstance and not a matter of stealth. The evidence clearly indicated that the sheriff and the victims had no problems observing the vehicle at the barn as they drove on the road despite the remote location and the alleged darkness. Thus, although darkness may have been approaching, it could not have been such as to prevent observation since all the witnesses testified that they could see the vehicle.
 {¶ 34} I also note that the majority seems to connect the "mysterious" phone call with Campbell. There is no evidence on the record to indicate that the phone call is connected with Campbell, which is admitted by the majority. The witness did not identify the voice on the phone as belonging to Campbell or his accomplice. The State did not introduce any phone records to indicate the origin of the phone call. Thus, any conclusions drawn from the phone call as stealth are nothing more than speculation. *Page 15 
 {¶ 35} Finally, the majority wants to rest on the concept that Campbell and his accomplice "pulled his truck into the barn." SeePullen, supra, (holding that a defendant's pulling his vehicle into an open garage door is not evidence of stealth). However the testimony of all parties was that the truck was connected to a trailer with a winch. This trailer was backed into the barn and the truck was protruding from the opening of the barn. Additionally, the barn itself was not a solid structure. The walls were partially missing, there were no doors, and there was only part of a roof. The testimony of the victims and the police officer was that as they approached the barn, they clearly observed the vehicle from the road. The truck was not hidden from sight but was in plain view. Although it was partially backed into the barn, common sense indicates that this was likely done to make the loading of items to be stolen easier.[2] There is no evidence that Campbell engaged in any furtive act to gain entrance to the premises. State v.Clement (Dec. 30, 1988), Franklin App. No. 87AP-900, 87AP-1115 (holding that evidence of a furtive act is required).
 {¶ 36} In order to be convicted of breaking and entering, the State had to show that Campbell used stealth in entering the barn, not just in being there. State v. Howard, 8th Dist. No. 85500,2005-Ohio-5135, ¶ 12-13 (holding "Force, stealth or deception are separate and distinct elements of the crime of aggravated burglary *Page 16 
and in order to sustain a conviction, one of them must be proved with evidence beyond a reasonable doubt. The question `How else could he have made entry?' is not evidence."); Isom, supra, (holding that evidence must prove that stealth was used to gain entry in order to support conviction for breaking and entering); and Clement, supra, (holding that the mere presence of the defendant in a restricted area is not evidence that the defendant acted with stealth to obtain access). Here, there simply is no evidence that Campbell used stealth to actually trespass on the property. For these reasons, I would reverse Campbell's conviction for lack of sufficient evidence on the element of stealth.
[1] The State may have attempted to show such action by having the victim testify that before driving out to the property, a phone call was received in which the caller hung up. However, no evidence was presented to connect this phone call to the defendant.
[2] While no stolen items were found in possession of Campbell, the State reasonably inferred that he likely was going to use the winch to load large items. *Page 1