OPINION
{¶ 1} Appellant, Timothy K. Richter, brings this delayed appeal from his guilty pleas and sexual predator hearing. We affirm.
 {¶ 2} Richter pled guilty to one count of attempted rape in violation of R.C 2923.02 and 2907.02, a second degree felony, and three counts of gross sexual imposition in violation of R.C. 2907.05(A)(4), third degree felonies. These charges arose from Richter's conduct with his stepdaughter who was between seven and twelve years old at the time of the incidents.
 {¶ 3} Following a hearing the trial court sentenced appellant to a prison term of six years for attempted rape, three years for one count of gross sexual imposition and one year on each of the remaining two counts of gross sexual imposition, with Richter to serve all sentences consecutively. Thus, the trial court sentenced Richter to a total prison term of eleven years. The trial court also labeled Richter a sexual predator. Appellant appeals from his guilty pleas and the trial court's judgment entry labeling him a sexual predator asserting four assignments of error:
 {¶ 4} "[1.] Defendant-Appellant was denied due process of law in violation of Ohio Crim.R. 11, the Fourteenth Amendment to the United States Constitution and Article I, Section X of the Ohio Constitution where the trial court failed to comply with Crim.R. 11(C).
 {¶ 5} "[2.] The trial court committed reversible error when it labeled appellant a sexual predator against the manifest weight of the evidence.
 {¶ 6} "[3.] The trial court erred to the prejudice of appellant in failing to follow the procedural requirements of Revised Code Section2950.09.
 {¶ 7} "[4.] Defendant-Appellant was denied the effective assistance of counsel as guaranteed by the Sixth and Fourteenth Amendments to the U.S. Constitution and Article I, Section X of the Ohio Constitution."
 {¶ 8} In his first assignment of error Richter argues that his pleas were not made knowingly and voluntarily because he was heavily medicated at the time of the plea hearing. We disagree.
 {¶ 9} Crim.R. 11(C) provides:
 {¶ 10} "(C) Pleas of guilty and no contest in felony cases
 {¶ 11} "(1) * * *
 {¶ 12} "(2) In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally and doing all of the following:
 {¶ 13} "(a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and, if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.
 {¶ 14} "(b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.
 {¶ 15} "(c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself."
 {¶ 16} In State v. Nero (1990), 56 Ohio St.3d 106, the court stated:
 {¶ 17} "Literal compliance with Crim.R. 11 is certainly the preferred practice, but the fact that the trial judge did not do so does not require vacation of the defendant's guilty plea if the reviewing court determines that there was substantial compliance.
 {¶ 18} "Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving." Id. at 108.
 {¶ 19} A defendant who contends that his guilty plea was not knowingly, intelligently, and voluntarily made must also show a prejudicial effect. Id.
 {¶ 20} The record in the instant case reveals that Richter was on the following prescribed medications at the time of his plea hearing: 3200 milligrams of Neurotin, 150 milligrams of Doxepin, and 200 milligrams of Zolof. The trial court asked Richter if these drugs caused him to be lethargic or unable to understand what was happening. Richter stated that they did not. The trial court also asked Richter what the date was. Richter responded correctly. The trial court then asked Richter to look at the clock and tell him what time it was. Again Richter responded correctly, even stating the number of seconds. Richter's trial counsel never objected to the plea hearing on the basis that Richter was too medicated to knowingly, intelligently, and voluntarily enter a plea.
 {¶ 21} A review of the transcript reveals no defects in Richter's guilty plea to attempted rape. With respect to the gross sexual imposition charges, Richter stated several times that he had not touched the victim inappropriately but that he sometimes touched her butt when he would wrestle with her. In response to Richter's explanation both the trial court and Richter's counsel explained that by pleading guilty Richter was admitting that there was inappropriate conduct and that this would be considered at sentencing. Richter stated that he understood this although he continued to maintain that the touching was innocent. Richter entered a verbal plea of guilty to each charge of gross sexual imposition and signed the guilty plea after all of this was explained to him. Based on the totality of the circumstances Richter subjectively understood the implications of his plea and the rights he was waiving. Appellant's first assignment of error is without merit.
 {¶ 22} In his second assignment of error Richter maintains that the trial court erred in labeling him a sexual predator. We disagree.
 {¶ 23} For an offender to be adjudicated a sexual predator, the trial court must find by clear and convincing evidence that the offender has been convicted of a sexually oriented offense and that the offender is likely to engage in the future in one or more sexually oriented offenses. R.C. 2950.01(E). See, also, State v. Eppinger (2001),91 Ohio St.3d 158, 164.
 {¶ 24} When reviewing a sexual predator adjudication, we must examine the record and determine whether the trier of fact had before it sufficient evidence to satisfy the burden of proof. State v. Stillman
(Dec. 22, 2000), 11th Dist. No. 2000-L-015, 2000 WL 1876573, 1, citing,State v. Schiebel (1990), 55 Ohio St.3d 71, 74.
 {¶ 25} Richter does not challenge the trial court's finding that he has been convicted of a sexually oriented offense. He challenges the second prong of the test, i.e., the trial court's determination that he is likely to engage in the future in one or more sexually oriented offenses.
 {¶ 26} The Revised Code sets forth factors the trial court is to consider in determining whether an offender is likely to re-offend. Former R.C. 2950.09(B)(2)(a) through (j). These factors are: the offender's age; the victim's age; whether the offense involved multiple victims; whether the offender used drugs or alcohol to impair the victim of the offense or to prevent the victim from resisting; if the offender has previously been convicted of or pled guilty to a criminal offense, whether the offender completed the sentence imposed and, if the prior offense was a sex offense, whether the offender participated in programs available for sex offenders; any mental illness or mental disability of the offender; the nature of the sexual conduct with the victim and whether it was part of a demonstrated pattern of abuse; whether, during the commission of the offense, the offender displayed cruelty or made one or more threats of cruelty; and any additional behavioral characteristics that contribute to the offender's conduct. Id. See, also, Eppinger, at 164.
 {¶ 27} The trial court must consider the factors set forth in former R.C. 2950.09(B)(2). However, the court is not required to "tally up" these factors in a particular fashion. State v. Clutter (Jan. 28, 2000), 4th Dist. No. 99CA19, 2000 WL 134730, 3. "A court may classify an offender as a `sexual predator' even if only one or two statutory factors are present, so long as the totality of the relevant circumstances provide clear and convincing evidence that the offender is likely to commit a future sexually-oriented offense." Id., citing State v.Mollohan (Aug. 20, 1999), 4th Dist. No. 98CA13. Further, a court may find an offender to be a sexual predator even without expert testimony from the state. Id.
 {¶ 28} Richter was between twenty-nine and thirty-four years old at the time of the incidents and there was one victim. There was no evidence that drugs or alcohol were used to impair the victim. Richter had been convicted of domestic violence, stalking and violation of a protection order and had completed his sentences for these offenses. Richter was diagnosed as suffering from pedophilia, major depressive disorder, marijuana dependence, intermittent explosive disorder, and learning disabilities. There was a pattern of abuse over a period of several years. Richter displayed cruelty and made threats of cruelty against the victim. He scored twenty-five out of forty on the SVR-20 test; this indicates a moderate to high risk of reoffending. Richter had a score of two on the Static 99 test; this indicates a medium to low risk of reoffending. The state established by clear and convincing evidence that Richter was likely to engage in a future sexually oriented crime. Appellant's second assignment of error is without merit.
 {¶ 29} In his third assignment of error Richter first argues that he was denied his right to due process because he was not afforded an opportunity to cross-examine witnesses, specifically, the state's expert Dr. Fabian. We find no error.
 {¶ 30} Former R.C. 2950.09(B)(1) provided in relevant part:
 {¶ 31} "At the hearing, the offender * * * and the prosecutor shall have an opportunity to testify, present evidence, call and examine witnesses and expert witnesses, and cross-examine witnesses and expert witnesses regarding the determination as to whether the offender * * * is a sexual predator. The offender * * * shall have the right to be represented by counsel and, if indigent, the right to have counsel appointed to represent the offender * * *."
 {¶ 32} Richter's counsel stipulated to the admissibility of Dr. Fabian's report. The trial court afforded Richter the opportunity to call witnesses on his behalf. This necessarily included the right to call Dr. Fabian as on cross-examination. Richter declined to exercise this right although his wife did read a prepared statement on his behalf. R.C.2950.09(B)(1) requires only that the defendant be afforded an opportunity to call witnesses and present evidence; it is up to the defendant to exercise this right. Richter chose not to do so. Therefore, we conclude that the trial court complied with the procedural requirements of R.C.2950.09(B)(1).
 {¶ 33} Appellant also argues that the trial court erred in admitting, over his objection, a report of the Lake County Sheriff's Office. This report concerned the investigation of Richter regarding another sexual offense.
 {¶ 34} A sexual predator determination hearing is similar to a sentencing or probation hearing. It is well settled that the Rules of Evidence do not strictly apply in these types of hearings. A determination hearing does not occur until after the offender has been convicted. Further, the hearing is intended to determine the offender's status, not his guilt or innocence. Therefore, the Ohio Rules of Evidence do not strictly apply to sexual predator determination hearings. Statev. Cooke (1998), 83 Ohio St.3d 404, 425.
 {¶ 35} Crim.R. 52(A), provides, "Any error, defect, irregularity, or variance which does not affect substantial rights shall be disregarded." Thus, we may correct an alleged error only where there was a deviation from a legal rule and where that error affected a substantial right. This means that the error must have affected the outcome of the proceedings. See, generally, State v. Fisher, 99 Ohio St.3d 127, 129,2003-Ohio-2761, ¶ 7. Applying this test to the instant case we determine that the trial court erred in admitting the report but that the error was harmless.
 {¶ 36} While the rules of evidence do not strictly apply at a sexual predator hearing there is obviously some limit on the evidence that may be introduced. Here, the state introduced evidence that Richter was being investigated for another sexually oriented offense. The trial court seemed to consider this under former R.C. 2950.09(B)(2)(f).[1]
This is inappropriate. There was no evidence that Richter was ever charged with a crime as a result of this investigation, let alone convicted. Thus, it could not be considered under former R.C.2950.09(B)(2)(f). Nor could it have been considered under former R.C.2950.09(B)(2)(j).[2] This section applies to behavioral characteristics, not uncharged crimes. R.C. 2950.09 makes adequate provision for the consideration of an offender's criminal history but it makes no provision for the consideration of investigations of crimes. Therefore, the trial court erred in admitting the investigative report.
 {¶ 37} That said, a review of the record leads to the conclusion that the error was harmless. Even excluding this report, the state established by clear and convincing evidence that Richter was likely to reoffend. Appellant's third assignment of error is without merit.
 {¶ 38} In his final assignment of error Richter argues that he was denied effective assistance of counsel at his plea hearing and that this caused him to enter his plea involuntarily. We disagree.
 {¶ 39} When we review an ineffective assistance claim, the benchmark is, "whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Strickland v. Washington (1984),466 U.S. 668, 686. To prevail on this claim Richter must show that his counsel's performance was deficient. "This requires showing that counsel made errors so serious that counsel was not functioning as the `counsel' guaranteed by the Sixth Amendment." Id. at 687. He must also show prejudice resulting from the deficient performance. Id. "This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Id. Richter must show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694. We presume that counsel's conduct was within the wide range of reasonable professional assistance. Id. See, also, State v. Bradley (1989), 42 Ohio St.3d 136,142.
 {¶ 40} We need not address the two prongs of appellant's ineffective assistance claim in the order set forth in Strickland.
 {¶ 41} "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies. The object of an ineffectiveness claim is not to grade counsel's performance. If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed." Strickland, at 699.
 {¶ 42} Here, Richter contends that his trial counsel's performance was deficient because she allowed him to enter a guilty plea while heavily medicated. We have determined that Richter entered his plea knowingly, intelligently, and voluntarily. Therefore, this assignment of error is without merit.
 {¶ 43} For the foregoing reasons the judgment of the Lake County Court of Common Pleas is affirmed.
Judgment affirmed.
William M. O'Neill and Diane V. Grendell, JJ., concur.
[1] This subsection allows the trial court to consider whether, "* * * the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offender; * * *." Former R.C. 2950.09(B)(2)(f).
[2] This subsection allows the trial court to consider, "Any additional behavioral characteristics that contribute to the offender's conduct." Former R.C. 2950.09(B)(2)(j).