OPINION
{¶ 1} Appellant, Timothy Reeves, appeals the determination of the Trumbull County Court of Common Pleas finding him to be a sexual predator pursuant to R.C. 2950.09. For the reasons that follow, we affirm.
 {¶ 2} Appellant was indicted on two counts of rape of a child less than thirteen years old by force. The crimes charged were committed in August 1992 and September 1992, respectively. The charges exposed appellant to two terms of life imprisonment. *Page 2 
He pleaded guilty to one amended count of rape, an aggravated felony of the first degree, in violation of R.C. 2907.02(A)(1)(b)(2). Appellant was sentenced on May 10, 1993, to an indeterminate prison term of ten to twenty-five years.
 {¶ 3} The victim of this offense was appellant's stepdaughter who, at the time of the crimes, was seven years old. At that time, appellant was twenty-seven years old and married to the victim's mother. With respect to court one, the child reported that appellant had performed oral sex on her. He also put his penis in her mouth and ejaculated in her mouth. He had done the same thing to her when they lived at a previous residence. He told her if she told anyone he would kill her and her mother. The victim reported she was frightened of appellant because he was often violent with her mother, threatening her with a knife and beating her.
 {¶ 4} With respect to count two, the victim reported that appellant had pulled her dress and underwear down and put his penis in her vagina. He also put his penis in her mouth and made her suck it. She again reported she was afraid of appellant. She reported that appellant did these things to her "a lot."
 {¶ 5} The victim's mother Pamela Reeves reported that in late September 1992, after criminal proceedings had begun and appellant had been ordered to stay away from the victim, appellant came to their home. He punched his hand through the screen door striking Ms. Reeves in the mouth, and told her, "it isn't over" and "I will get you."
 {¶ 6} After appellant was released from prison in 2005, the Ohio Department of Rehabilitation and Correction recommended to the trial court that appellant be adjudicated a sexual predator. Thereafter, the state filed a motion with the trial court for evaluation to determine whether appellant was a sexual predator. That motion was *Page 3 
granted, and appellant was referred to clinical psychologist Dr. Jeffrey Rindsberg of the Forensic Psychiatric Center of Northeast Ohio, Inc. for sexual predator evaluation. Appellant told Dr. Rindsberg the reason he raped the child was to use her to get back at his ex-wife. Appellant said he told the child her mother was with other men. He said he performed oral sex on her to show her what her mother was doing with these men. When asked if he penetrated the child, he said that when he tried to penetrate her, he hurt her and she was crying so he eventually stopped trying and ejaculated on the bed. He said the child's response to this crime was that "she was scared." He denied being cruel with the child or injuring her, and, in support, cited the fact that he stopped trying to penetrate her after about an hour because she was crying.
 {¶ 7} The court conducted a sexual predator hearing on August 29, 2006. Dr. Rindsberg testified that he administered the Static-99 test, which is a clinical test to measure the risk of sexual recidivism. He initially determined appellant had a score of zero on a scale of zero to twelve. Then, after he discovered that appellant had been found guilty of domestic violence against his wife following the child's report to the police, Dr. Rindsberg amended appellant's score from zero to a one. These scores indicate appellant has a low risk of sexual recidivism. However, Dr. Rindsberg testified that the Static-99 is not the sole determinant of reoffending.
 {¶ 8} Dr. Rindsberg testified appellant has elevated risk factors, which increase his risk of reoffending beyond what the Static-99 would suggest. Appellant has two risk factors that cause concern that he may reoffend. They are: (1) a deviant sexual preference and (2) anti-social, criminal behaviors. *Page 4 
 {¶ 9} In explaining appellant's deviant sexual preference, Dr. Rindsberg testified appellant has a pedophilic interest in children. He said that the incident for which appellant was convicted was not an isolated event, but rather, his sexual conduct with his stepchild was "ongoing." As a result, appellant's explanation that he raped the child because of his anger with his ex-wife did not explain the ongoing nature of his crimes. Further, Dr. Rindsberg testified that even with hostility, most adult men will not rape and ejaculate into the mouth of a child. According to the doctor, this pedophilic interest is the same today as it was in 1992 at the time of appellant's crimes. That being said, Dr. Rindsberg testified that he cannot diagnose appellant as a pedophile because this diagnosis requires the documented existence of such fantasies for at least six months, and the indictment in this case only spanned a one-month period.
 {¶ 10} As for appellant's anti-social behaviors, Dr. Rindsberg noted appellant's two failed suicide attempts, his heavy drinking, and his sexual promiscuity. Appellant referred to himself as a "man-whore" in the past, but Dr. Rindsberg saw no evidence of a change in appellant in this regard after prison. Further, appellant had three failed marriages by the time he was twenty-six. Finally, appellant has never held a job on a consistent basis and has no goals.
 {¶ 11} Based on the Static-99, someone with appellant's characteristics after five years would have a six per cent chance of recidivism and after ten years, that percentage would increase to seven per cent. The margin of error of this test is five per cent so appellant has a potential twelve per cent risk of recidivism.
 {¶ 12} While appellant is in the low range of risk of recidivism based on his test results, Dr. Rindsberg testified his two additional risk factors increase his risk of *Page 5 
recidivism. Considering appellant's test results and these risk factors, the doctor testified that appellant is at a "moderate" risk of reoffending.
 {¶ 13} We apply the civil manifest-weight-of-the-evidence standard of review in evaluating a trial court's sexual predator determination. "Because sex-offender-classification proceedings under R.C. Chapter 2950 are civil in nature, a trial court's determination in a sex-offender-classification hearing must be reviewed under a civil manifest-weight-of-the-evidence standard and may not be disturbed when the judge's findings are supported by some competent, credible evidence." State v. Wilson, 113 Ohio St.3d 382, 2007-Ohio-2202, at syllabus. Under this standard, judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence. CE. Morris Co. v. Foley Constr. Co. (1978), 54 Ohio St.2d 279, at syllabus.
 {¶ 14} When reviewing a judgment under a manifest-weight-of-the-evidence standard, a court has an obligation to presume that the findings of the trier of fact are correct. Seasons CoalCo., Inc. v. Cleveland (1984), 10 Ohio St.3d 77, 79-81. This presumption arises because the trial judge had an opportunity to view the witnesses and observe their demeanor in weighing the credibility of the witnesses. Id. at 80.
 {¶ 15} In contrast, the Supreme Court discussed the criminal manifest-weight-of-the-evidence standard of review in State v.Thompkins (1997), 78 Ohio St.3d 380. The Court in that case distinguished between the sufficiency of the evidence and the manifest weight of the evidence, holding that sufficiency of the evidence is a test of adequacy of the evidence as to whether the evidence is legally sufficient to support a *Page 6 
verdict as a matter of law, while weight of the evidence addresses whether the state's or the defendant's evidence is more persuasive. Id. at 386-387.
 {¶ 16} Under either the civil or criminal standard, the fact-finder is afforded great deference, but the civil standard tends to merge the concepts of weight and sufficiency. Thus, a judgment supported by some competent, credible evidence going to all the essential elements of the case must be affirmed. Wilson, at ¶ 26.
 {¶ 17} In contrast, under Thompkins, although there may be sufficient evidence to support a conviction, a reviewing court can still reweigh the evidence and reverse a trial court's holding. Thus, the civil manifest-weight-of-the-evidence standard affords the lower court more deference than the criminal standard. Id.
 {¶ 18} R.C. 2950.01(E) provides in part:
 {¶ 19} "Sexual predator" means a person to whom * * * the following applies:
 {¶ 20} "(1) The person has been convicted of or pleaded guilty to committing a sexually oriented offense * * * and is likely to engage in the future in one or more sexually oriented offenses.* * *"
 {¶ 21} A trial court can only classify an individual as a sexual predator when it finds the state has established both prongs by clear and convincing evidence. State v. Wade (Dec. 29, 2000), 11th Dist. No. 99-T-0061, 2000 Ohio App. LEXIS 6218, *5. Under this evidential standard, the state carries its burden of proof where the evidence creates in the mind of the trier of fact a firm belief as to the facts sought to be established. State v. Anderson, 11th Dist. No. 2000-G-2316, 2001-Ohio-7069, 2001 Ohio App. LEXIS 5644, *8. It is more than a preponderance of the evidence and less *Page 7 
than beyond a reasonable doubt. State v. Yodice, 11th Dist. No. 2001-L-155, 2002-Ohio-7344, at ¶ 13.
 {¶ 22} The trial court is required to consider the factors under R.C.2950.09(B)(3)(a) through (j) in determining whether a defendant is likely to commit another sexually oriented offense in the future.State v. Reed, 10th Dist. No. 02AP-694, 2003-Ohio-2412, at ¶ 52.
 {¶ 23} The trial court correctly found that appellant's guilty plea to one count of rape, an aggravated felony of the first degree, satisfied the first prong of this "sexual predator" definition. R.C.2950.01(D)(1). However, in order for one to be designated a sexual predator, the state is also required to prove by "clear and convincing evidence" that the offender is likely to commit one or more sexually oriented offenses in the future. R.C. 2950.09(B)(3) sets forth specific factors to be considered by a trial court prior to making the determination that an offender is a sexual predator. R.C. 2950.09(B)(3) provides:
 {¶ 24} "* * * the judge shall consider all relevant factors, including, but not limited to, all of the following:
 {¶ 25} "(a) The offender's * * * age;
 {¶ 26} "(b) The offender's * * * prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;
 {¶ 27} "(c) The age of the victim of the sexually oriented offense for which sentence is to be imposed * * *;
 {¶ 28} "(d) Whether the sexually oriented offense for which sentence is to be imposed * * * involved multiple victims; *Page 8 
 {¶ 29} "(e) Whether the offender * * * used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 {¶ 30} "(f) If the offender * * * previously has been convicted of or pleaded guilty to * * * a criminal offense, whether the offender * * * completed any sentence * * * imposed for the prior offense * * * and, if the prior offense * * * was a sex offense or a sexually oriented offense, whether the offender * * * participated in available programs for sexual offenders;
 {¶ 31} "(g) Any mental illness or mental disability of the offender * * *;
 {¶ 32} "(h) The nature of the offender's * * * sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 {¶ 33} "(i) Whether the offender * * * during the commission of the sexually oriented offense for which sentence is to be imposed * * *, displayed cruelty or made one or more threats of cruelty;
 {¶ 34} "(j) Any additional behavioral characteristics that contribute to the offender's * * * conduct."
 {¶ 35} It is not necessary for a trial court to find all of said factors apply to an offender, or even a majority of the factors prior to the classification as a sexual predator. State v. Swank, 11th Dist. No. 98-L-049, 2001-Ohio-8833, 2001 Ohio App. LEXIS 5846, *16; see, also,Yodice, supra, at ¶ 13.
 {¶ 36} "[T]he defendant may be so adjudicated even if only one or two of these factors are present, so long as the totality of the circumstances provide clear and *Page 9 
convincing evidence that the defendant is likely to commit a sexually oriented offense in the future." Id.
 {¶ 37} The trial court in its judgment entry made the following findings: (1) The victim was seven years old at the time of the offense for which appellant was convicted. (2) Appellant was twenty-seven at the time. (3) Appellant served his imprisonment for the instant offense and while doing so, participated in programs for sexual offenders. (4) Appellant's offense was part of a pattern of abuse. The child reported vaginal penetration by appellant. She stated he performed oral sex on her and made her perform oral sex on him. She reported appellant did these things to her "a lot." (5) Appellant used threats to further his crimes by threatening to kill the victim and her mother if she reported his crimes. (6) Appellant's sexual conduct with his stepdaughter constituted the most deviant acts imaginable. (7) He has a history of violence, including a conviction for domestic violence. (8) While appellant tested in the low risk category for sexual recidivism, Dr. Rindsberg's impression was that appellant is in the "moderate" risk category for reoffending. (9) Appellant minimized his crime. His testimony that he raped his stepdaughter to hurt the victim's mother did not explain his conduct in performing oral sex and ejaculating into the mouth of his stepchild. (10) Appellant, a twenty-seven year old adult, in attempting to penetrate this child for about one hour and only stopping when the child cried and said it hurt, displayed cruelty.
 {¶ 38} The trial court held: "Taking into consideration all evidence * * * presented * * *, this Court has determined that there is clear and convincing evidence that the Defendant is a sexual predator pursuant to R.C. Section 2950.09(B), by virtue of * * * the *Page 10 
fact that he has pleaded guilty to a sexually oriented offense * * * and that the Defendant is likely to engage in one or more sexually oriented offenses in the future."
 {¶ 39} In this case there were multiple factors the trial court relied on which support its determination. Specifically, the court noted the young age of the victim; the fact that appellant threatened to kill her if she told anyone; appellant's mental health history; the fact that his crime was part of a pattern of abuse; appellant's penetration of his own stepdaughter; appellant's history of violence, including a conviction for domestic violence based on his assault on the victim's mother following the victim's report to the police; and appellant's attempt to minimize the gravity of his crimes.
 {¶ 40} Appellant argues that because he scored low on the Static-99, the evidence did not support the finding that he was likely to commit one or more sexually oriented offenses in the future. We do not agree. A trial court is not required to rely solely on the psychiatric findings or opinions in its determination regarding the likelihood of recidivism.State v. Robertson, 147 Ohio App.3d 94, 101, 2002-Ohio-494. Rather, the psychiatric evidence is to be viewed in totality with the other evidence. Id.
 {¶ 41} This same argument was presented in State v. Burgan, 11th Dist. No. 2003-L-132, 2004-Ohio-6185. In that case this court held:
 {¶ 42} "[T]he trial court was presented with the unenviable task of predicting the future to determine whether appellant would commit another sexual offense. Clinical evidence showed that he presented up to a `moderate' risk of reoffending. We cannot say this clinical evidence is inherently inconsistent with a sexual predator adjudication Rather, when viewed in conjunction with the other facts of this case, Dr. Fabian's report supports the trial court's judgment." Id. at ¶ 28. (Emphasis in original.) *Page 11 
 {¶ 43} The Eighth Appellate District has held that even a "low risk" result from standardized testing does not preclude a sexual predator adjudication State v. Purser, 153 Ohio App.3d 144, 2003-Ohio-3523, at ¶ 38-39. This court cited with approval this holding in State v.Lawrinson, 11th Dist. No. 2005-L-003, 2006-Ohio-1451, at ¶ 37.
 {¶ 44} In State v. Darroch, 11th Dist. No. 2005-L-012, 2006-Ohio-3211, this court affirmed a sexual predator adjudication even though the defendant scored a zero on the Static-99, which is the lowest possible score. In State v. Richter, 11th Dist. No. 2002-L-080, 2003-Ohio-6734, this court affirmed a sexual predator determination of a defendant who scored a two on the Static-99.
 {¶ 45} The trial court considered the evidence and relevant factors provided in R.C. 2950.09. We cannot say the trial court lost its way or created a manifest miscarriage of justice in making its determination that appellant was a sexual predator. We therefore hold that the trial court's determination was not against the manifest weight of the evidence.
 {¶ 46} For the reasons stated in the Opinion of this court, the assignment of error is not well-taken. It is the judgment and order of this court that the judgment of the Trumbull County Court of Common Pleas is affirmed.
MARY JANE TRAPP, J., MARY DeGENARO, J., Seventh Appellate District, sitting by assignment, concur. *Page 1