{¶ 1} Appellant, David A. Waldruff, appeals from the judgment of the Lake County Court of Common Pleas finding him to be a sexual predator. For the reasons that follow, we affirm.
 {¶ 2} On October 7, 2005, the female victim, who was then 12 years old, told her mother that in 2003, she had been molested by appellant, who had been a friend of her mother's fiance for several years. Over the years appellant would periodically visit *Page 2 
the child's mother, his friend, and their combined four children at their home in Mentor-on-the-Lake, Ohio. Appellant often played with the children, but he paid special attention to the victim.
 {¶ 3} The child's mother made a police report concerning appellant, and brought the victim to the Mentor-on-the-Lake Police Department to give a statement to Detective Gerrilyn Deutsch. The child reported that one evening in 2003, when she was nine years old, appellant came to their house. Late that night, she and appellant were watching television alone in the living room. She was on one couch and appellant was on another. She eventually went to sleep. Later, she heard appellant call her name a few times, but she pretended to be asleep and did not respond.
 {¶ 4} Appellant came over to the victim and started to rub her back. He rolled her over and took down her shorts. Appellant put his finger in his mouth and then put it in the child's vagina and moved it up and down several times. He bent down and put his tongue in her vagina.
 {¶ 5} Appellant then put his fingers in the victim's vagina. Next, he took her legs and put them over his shoulders. He pulled her vagina up to his face and put his tongue inside. The child turned over to get him to stop. Appellant said, "* * *, are you awake?," but she did not respond. Appellant turned her over and wiped her vagina with his shirt, dried his fingers on his shirt, put her shorts back on, and then left.
 {¶ 6} The victim also reported to Detective Deutsch that on one prior occasion, appellant was babysitting her and her sister and brothers. When the victim and appellant were alone upstairs on her mother's bed watching television, appellant put his finger inside her vagina. Suddenly, appellant stopped and said, "this isn't right * * *, *Page 3 
you're eight years old and I shouldn't be doing this." Appellant concedes on appeal that he sexually abused the child twice.
 {¶ 7} Following the victim's statement to Detective Deutsch, she arranged a controlled telephone conversation between the child and appellant. Unknown to appellant, the detective monitored that conversation. During this call appellant apologized to the victim for what he had done to her. He said he was drunk and "that played a part in it * * *." The detective transcribed this conversation in her police report, which provides in part as follows:
 {¶ 8} "[The victim:] `are you sorry for it?'
 {¶ 9} "Dave[:] `very much every day.'
 {¶ 10} "* * *
 {¶ 11} "[The victim: `]I want to know why you did that to me.'
 {¶ 12} "Dave[:] `* * * I betrayed your trust and your friendship and I can[']t stand it and if I could * * * change one thing that I've done in this life that would be it.'
 {¶ 13} "* * *
 {¶ 14} "[The victim:] `Why did you put your hands around my area?'
 {¶ 15} "Dave[: `]I don't know * * *. I'm very sorry.[']"
 {¶ 16} Thereafter, Detective Deutsch met with appellant at his place of employment. After advising him of his Miranda rights, appellant admitted he had molested the victim. He said he was at her house two years ago. She was on his lap when he touched her. He unzipped her pants. He said her underwear was in the way so he moved them and rubbed his hand on her vagina. He said if he put his finger in her vagina, "it was no more [than] to the knuckle." Appellant said that "when he left she *Page 4 
was on the kitchen counter and his head may have been by her crotch. He said that while doing this, he got "partially aroused." He said that at that time the victim was attempting to push him away from her.
 {¶ 17} Appellant was indicted in a six-count indictment for three counts of rape of a minor victim being less than ten years of age, felonies of the first degree, in violation of R.C. 2907.02(A)(1)(b) (Counts 1, 2, and 4); two counts of gross sexual imposition of a minor being less than 13 years of age, felonies of the third degree, in violation of R.C. 2907.05(A)(4) (Counts 5 and 6); and one count of attempted gross sexual imposition, a felony of the fourth degree, in violation of R.C. 2923.02 and 2907.05(A)(4) (Count 3).
 {¶ 18} Appellant pleaded not guilty. He thereafter withdrew his not guilty plea and entered a plea of guilty pursuant to North Carolina v.Alford (1970), 400 U.S. 25, to amended Count 1, attempted rape, a felony of the second degree, in violation of R.C. 2923.02 and 2907.02(A)(1)(b).
 {¶ 19} The trial court accepted appellant's guilty plea, and, pursuant to the state's request, entered a nolle prosequi on all other counts in the indictment. Following a hearing, the court found appellant to be a sexual predator and, on the joint recommendation of the state and appellant, sentenced him to eight years in prison. This appeal follows. For his sole assignment of error, appellant asserts the following:
 {¶ 20} "THE TRIAL COURT COMMITTED REVERSIBLE ERROR WHEN IT LABELED THE DEFENDANT-APPELLANT A SEXUAL PREDATOR AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
 {¶ 21} In reviewing a sexual predator determination, an appellate court reviews the determination under a civil manifest-weight-of-the-evidence standard, and may not *Page 5 
disturb it when the judge's findings are supported by some competent, credible evidence. State v. Wilson, 113 Ohio St.3d 382, 2007-Ohio-2202, syllabus. We do not apply a criminal manifest weight of the evidence standard, as appellant incorrectly argues.
 {¶ 22} Former R.C. 2950.01(E), in effect at all relevant times, provided in part:
 {¶ 23} "`Sexual predator' means a person to whom * * * the following applies:
 {¶ 24} "(1) The person has been convicted of or pleaded guilty to committing a sexually oriented offense * * * and is likely to engage in the future in one or more sexually oriented offenses. * * *"
 {¶ 25} Attempted rape is a sexually oriented offense. R.C.2950.01(D)(1). Therefore, appellant's guilty plea to this offense indisputably satisfies the first prong of the "sexual predator" definition. However, in order for one to be designated a sexual predator, the state must prove by "clear and convincing evidence" that the offender is likely to commit one or more sexually oriented offenses in the future. R.C. 2950.01(E) and 2950.09(B)(3). "Clear and convincing evidence has been defined as `the amount of proof that will produce in the mind of the trier of fact a firm belief or conviction as to the allegations to be proved. It is * * * more than a preponderance of the evidence and less than evidence beyond a reasonable doubt.'" State v.Yodice, 11th Dist. No. 2001-L-155, 2002-Ohio-7344, at ¶ 13, citingState v. Ingram (1992), 82 Ohio App.3d 341, 346.
 {¶ 26} R.C. 2950.09(B)(3) sets forth specific factors to be considered by a trial court in making the determination that an offender is a sexual predator. R.C. 2950.09(B)(3) provides in pertinent part: *Page 6 
 {¶ 27} "* * * [T]he judge shall consider all relevant factors, including, but not limited to, all of the following:
 {¶ 28} "(a) The offender's * * * age;
 {¶ 29} "(b) The offender's * * * prior criminal * * * record regarding all offenses, including, but not limited to, all sexual offenses;
 {¶ 30} "(c) The age of the victim of the sexually oriented offense for which sentence is to be imposed * * *;
 {¶ 31} "(d) Whether the sexually oriented offense for which sentence is to be imposed * * * involved multiple victims;
 {¶ 32} "(e) Whether the offender * * * used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 {¶ 33} "(f) If the offender * * * previously has been convicted of or pleaded guilty to * * * a criminal offense, whether the offender * * * completed any sentence * * * imposed for the prior offense * * * and, if the prior offense * * * was a sex offense or a sexually oriented offense, whether the offender * * * participated in available programs for sexual offenders;
 {¶ 34} "(g) Any mental illness or mental disability of the offender * * *;
 {¶ 35} "(h) The nature of the offender's * * * sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse; *Page 7 
 {¶ 36} "(i) Whether the offender * * *, during the commission of the sexually oriented offense for which sentence is to be imposed * * *, displayed cruelty or made one or more threats of cruelty;
 {¶ 37} "(j) Any additional behavioral characteristics that contribute to the offender's * * * conduct."
 {¶ 38} It is not necessary for a trial court to find all of said factors apply to an offender, or even a majority of the factors prior to the classification as a sexual predator. State v. Swank (Dec. 21, 2001), 11th Dist. No. 98-L-049, 2001-Ohio-8833, 2001 Ohio App. LEXIS 5846, *16.
 {¶ 39} "[T]he defendant may be * * * adjudicated [a sexual predator] even if only one or two of these factors are present, so long as the totality of the circumstances provide clear and convincing evidence that the defendant is likely to commit a sexually oriented offense in the future." Yodice, supra.
 {¶ 40} The court psychologist Dr. Jeffrey Rindsberg testified appellant admitted he had engaged in inappropriate sexual behavior twice with the victim. He said appellant has deep-seated anger and a hostile ideation. When people make him angry, he fantasizes about how he would harm or kill them. He abuses alcohol and was using it during the offense. He testified that people with alcohol and drug problems who have not responded to treatment or who do not acknowledge their problem, like appellant, are at greater risk of committing other crimes.
 {¶ 41} He testified that his diagnosis for appellant is paraphilia, not otherwise specified. This is a generic sexual deviancy diagnosis that applies when there is a sexual deviancy that does not fit the known criteria of a specific diagnosis. *Page 8 
 {¶ 42} Pedophilia is recurrent sexual behavior over a period of six months or more with a child who is less than 13 years of age. Dr. Rindsberg testified he does not know the exact time between the two offenses reported by the victim, and for this reason he could not diagnose appellant as a pedophile. He concluded that appellant is sexually deviant and exhibits a sexual interest in children. He testified that appellant is at a moderate risk of recidivism according to the Static 99 test, which determines the actuarial risk for sexual recidivism. Appellant's score on that test is two. The range of possible scores on that test is from zero to six.
 {¶ 43} In State v. Reeves, 11th Dist. No. 2006-T-0099, 2007-Ohio-4765, this court affirmed a sexual predator determination of a defendant who scored a one on the Static 99. In State v. Darroch, 11th Dist. No. 2005-L-012, 2006-Ohio-3211, this court affirmed a sexual predator determination even though the defendant scored a zero on the Static 99, which was the lowest possible score.
 {¶ 44} The trial court considered the presentence investigation report, the psychological evaluation report, the stipulated police report, the victim impact statement, and the testimony of Dr. Rindsberg. The court found, by clear and convincing evidence, appellant to be a sexual predator in that he had been convicted of a sexually oriented offense and was likely to engage in the future in one or more sexually oriented offenses.
 {¶ 45} In making this determination the court considered the following factors: (a) Appellant was between 27 and 30 years old at the time of the commission of the crime; (b) Appellant had eight criminal convictions in some eight years for traffic misdemeanors, two of which were for driving under the influence of alcohol, one of which was for driving under suspension, and five of which were for speeding; (c) The *Page 9 
victim of the sexually oriented offense for which sentence was imposed was between eight and nine years old; (d) The offense did not involve multiple victims; (e) Appellant did not use drugs or alcohol to impair the victim; (f) All sentences for appellant's prior convictions had been completed. Since there were no prior offenses, appellant had not attended any sex offender programs; (g) Appellant has a mental illness, i.e., paraphilia with major depressive disorder and alcohol abuse. The court noted appellant's suicidal and homicidal thoughts, psychotic symptoms, and narcissistic personality are also relevant to appellant's recidivism; (h) Appellant's sexual conduct included digital penetration and oral sex with a prior incident of digital penetration. The court noted appellant's sexual actions were part of a demonstrated pattern of abuse; (i) There were no threats or displays of cruelty during the commission of the offense; (j) Additional behavior characteristics that contributed to appellant's conduct included appellant's drinking alcohol at the time of the offense; (k) Dr. Rindsberg testified appellant is a moderate risk for sexually re-offending, the relevant factors being that appellant has never been married, has a deviant sexual preference, is unrelated to the victim, and identifies emotionally with children.
 {¶ 46} The court found that factors lettered (b), (c), (g), (h), (j), and (k) supported its sexual predator determination.
 {¶ 47} Appellant argues that because some of the statutory factors do not apply to him, e.g., that he was more than 25 years old at the time of the offense; that only one victim was involved; and that no drugs were given to the victim, the court "clearly lost its way" in labeling him a sexual predator. Based upon this court's holding inSwank, supra, we do not agree. *Page 10 
 {¶ 48} We further do not agree with appellant's argument that, according to Dr. Rindsberg, the only factor that elevates his risk of re-offending is that he is single. Dr. Rindsberg also stated that another area of elevation for appellant is that the victim was unrelated to him. Dr. Rindsberg noted that predictors of sexual recidivism for appellant include his deviant sexual preference, his sexual interest in children, and his emotional identification with children. He testified that appellant admitted he had sexually abused the child twice, and that the only thing preventing him from diagnosing appellant as a pedophile is that he was not clear whether appellant committed the two offenses over a period of six months or more. Dr. Rindsberg stated in his report: "Regardless, his actions on these two occasions reflect inappropriate sexual behaviors and attraction to a young child. This, therefore meets criteria [sic] for a diagnosis [of] Paraphilia Not Otherwise Specified, with the focus being on his inappropriate behaviors with the young victim." He concluded: "When all factors of this case are reviewed, this writer believes, with reasonable psychological certainty, that Mr. Waldruff is at moderate risk for future sex offense recidivism."
 {¶ 49} Appellant argues there is insufficient evidence of a demonstrated pattern of abuse because the two rapes occurred "within days of each other;" there was only one victim; and appellant does not show any consistent sexual interest in children. However, Dr. Rindsberg concluded that because there were two separate incidents, "this was a demonstrated pattern of abuse." Further, this court has held that a pattern of abuse may result when only one victim is involved. State v.Graham, 11th Dist. No. 2006-L-188, 2007-Ohio-2309. Finally, contrary to appellant's argument, Dr. Rindsberg testified that appellant exhibits a sexual interest in children. *Page 11 
 {¶ 50} In reviewing the evidence under the totality of the circumstances, we do not agree that appellant's classification as a sexual predator is against the manifest weight of the evidence. He digitally penetrated the child and engaged in cunnilingus with her on multiple occasions against her will during two separate incidents. Further, Dr. Rindsberg testified that appellant had a moderate risk of sexually re-offending.
 {¶ 51} Appellant has failed to demonstrate that the trial court's sexual predator determination was against the manifest weight of the evidence. To the contrary, based upon our thorough review of the record, we find that this classification was supported by clear and convincing evidence.
 {¶ 52} For the reasons stated in the Opinion of this court, the assignment of error is not well taken. It is the judgment and order of this court that the judgment of the Lake County Court of Common Pleas is affirmed.
 DIANE V. GRENDELL, P.J., MARY JANE TRAPP, J., concur.